The United States Express Company

*v.*

James Haines.

1. Evidence—*unstamped writings admissible in evidence in the courts of this State.* The act of Congress, rendering invalid as evidence instruments not stamped, are applicable only when such instruments are offered as evidence in the courts of the United States. The legislature of this State is the *only* legitimate authority to declare what shall be evidence in our own courts.

Writ of Error to the Circuit Court of Tazewell county; the Hon. James Harriott, Judge, presiding.

This was an action of replevin, brought, in the court below, by the defendant in error, against the plaintiffs in error, for a package of money, alleged to contain eight hundred dollars, in United States treasury and national bank notes. On the trial, the court excluded the receipt given for the money, as evidence of a contract between the parties, for the reason that

it was *unstamped*, and this point alone is considered by this court.

Messrs. Beckwith, Ayer & Kales, for the plaintiffs in error.

Mr. John B. Cohrs, for the defendant in error.

Mr. Chief Justice Breese delivered the opinion of the Court :

We have considered but one point in this case, as the determination of it disposes of the case for the present.

The plaintiffs in error claimed there was an express contract to forward the package to Atchison, only, and there deliver it to the Overland Stage Line, and, having so delivered it, they were not responsible for any delay beyond that point.

The company, on receiving the package, at Pekin, in this State, gave to the defendant in error this receipt :

" Received of James Haines, pa. said to contain cy. valued at eight hundred dollars, and marked Jonathan Haines, Austin, Nevada, which we undertake to forward to nearest point of destination reached by the company, only, the perils of navigation excepted ; and it is hereby expressly agreed that said United States Express Company are not to be held liable for any loss or damage, except as forwarders only."

On the trial, the court allowed the receipt to be read as evidence of the delivery of the package, but excluded it as evidence of a contract between the parties, because there was no internal revenue stamp upon it, and instructed the jury the receipt was not evidence of a contract, without being stamped.

This court has held, in two cases, *Latham* v. *Smith*, 45 Ill. 29, and *Craig* v. *Dimock et al.*, 47 Ill. 308, that the acts of congress referred to, rendering invalid as evidence
32—48th Ill.

writings not stamped, were applicable to them only when offered as evidence in the courts of the United States. That the legislature of this State was the only legitimate authority to declare what should be evidence in our own courts, and that for neglect or failure to stamp a specified paper, the remedy of the United States was complete, through a prosecution for the penalty, in the act imposed. To the same effect is *Carpenter* v. *Snelling*, 97 Mass. (1 Brown) 452. *Lynch* v. *Morse*, Ibid. in note, 458.

The receipt, therefore, should have gone to the jury with all its contents, the want of a stamp being no reason for its exclusion. The defendant was entitled to put the entire paper in evidence, leaving it to the jury as a question whether the plaintiff assented to the limitation of the defendant's liability, as therein expressed. *Adams Express Co.* v. *Haines*, 42 Ill. 89. The third instruction for the plaintiff was, therefore, erroneous, and for this error the judgment must be reversed.

*Judgment reversed.*