Ogden v. Forney.

1. Stamps: EFFECT OF OMISSION. The omission to affix a revenue stamp to an instrument will not render it invalid, unless such omission was with intent to defraud the government, or to evade the provisions of the federal revenue law.

2. Arbitration and award: AFFIDAVIT OF ARBITRATORS. If arbitrators are in fact sworn at the time of entering upon their duties, the fact that the oath was not reduced to writing and signed by them until after the hearing or trial; will not vitiate the award, especially if the party complaining consented to such course.

*Appeal from Jackson Circuit Court.*

THURSDAY, FEBRUARY 22.

ON the 4th of February, 1871, the parties hereto made an agreement in writing for the submission to three persons named, as arbitrators, certain matters in controversy between them concerning a parol partnership in cattle and other stock; the award was to be returned to the circuit

court for record and judgment. On the 1st of March, 1871, the arbitrators made their award of $587, and costs, in favor of Ogden. On the 28th of April following, the award, etc., were filed in the clerk's office. At the May term, on the motion of Forney, the award was set aside. Ogden appeals from that order.

*Rich & Ellis* for the appellant.

*Lyman & Leffingwell* for the appellee.

COLE, J.—This appeal is from an order setting aside an award of arbitrators. The motion to set aside specified three grounds : First. The submission has no U. S. revenue stamp. Second. No affidavit of the arbitrators was made by them and returned with the award. Third. The award does not follow the submission.

1. STAMPS: effect of omission.

As to the first ground, there is no showing of any intent to evade the provisions of the revenue law, without which it cannot be made available. *Mitchell* v. *Home Ins. Co.*, 5 West. Jurist, 534; S. C., 32 Iowa, 421; *Campbell* v. *Wilcox*, 5 West. Jur. 207; S. C., 10 Wall. 421. And as to the third ground, it is apparent from the award and the submission, both of which are in the abstract, that the one does follow the other. This objection cannot be sustained therefore.

The only remaining ground is that no affidavit of the arbitrators was made and returned with the award. The abstract shows an affidavit properly signed and with jurat annexed, made on the 25th day of February, 1871, and as if returned with the submission and award. The defendant, Forney, submitted in support of his motion an affidavit of his attorney and one of the arbitrators, to the effect that the affidavit so annexed to the submission and award was, in fact, made or

2. ARBITRATION AND AWARD: affidavit of arbitrators.

signed within the then last two or three days. These affidavits were met by the affidavits of the plaintiff, his attorney, the two other arbitrators, and the justice of the peace before whom the arbitrators were sworn, all to the effect, that the arbitrators were in fact sworn before they entered upon their duties and at the time mentioned in the jurat, and that it was agreed between *the parties* (not by the *arbitrators* simply, as claimed in appellee's argument) that the oath might be reduced to writing and signed by the arbitrators after the trial, and that they signed the affidavit on file in pursuance of said agreement.

It was error, in view of all these affidavits, for the court to sustain the motion on this ground. The arbitrators were duly sworn; their affidavit was on file with the submission and award, and the failure to file it at the technically proper time, was in consequence of the defendant's agreement, and of which he ought not to be permitted to take advantage. *Sears* v. *Sellew*, 28 Iowa, 501.

Reversed.