[No. 1558.]

## CHARLES L. KNOX, APPELLANT, *v.* GIOVANNI ROSSI, RESPONDENT.

INTERNAL REVENUE STAMPS—POWERS OF CONGRESS—STATE COURTS. That section of the war revenue law (Act of Congress, June 13, 1898) providing that no instruments not duly stamped as required shall be admitted or used as evidence in any court, is intended to apply to those courts only which have been established under the constitution of the United States and by acts of congress and to which congress can properly prescribe rules regulating the course and mode of administering justice, and does not apply to state courts. (Reversing *Maynard* v. *Johnson,* 2 Nev. 25, and *Wayman* v. *Torreyson,* 4 Nev. 124.)

APPEAL from the Second Judicial District Court, Washoe County; *A. E. Cheney,* Judge.

Action by Charles L. Knox against Giovanni Rossi. From a judgment for defendant, plaintiff appeals. Reversed.

*Frank H. Norcross,* for Appellant:

I. The errors in law occurring at the trial and excepted to by the plaintiff were due to a misconstruction by the lower court of the war revenue act relative to the introduction in evidence of documents required by that law to be stamped by revenue stamps. So far as appellant has been able to ascertain the war revenue law of 1898, in so far as it affects the admissibility of evidence in state courts, has not as yet been

construed by any court of last resort, but, as the provision of the act in question is the same as that of former acts of the same character, I deem the law upon the points in question to be settled.

II.  Congress has no authority to declare that a written instrument, unless stamped, shall not be received as evidence in a state court.  (*Duffy* v. *Hobson*, 40 Cal. 240; *Thompson* v. *Wood*, 42 Cal. 416; *Carpenter* v. *Snelling*, 97 Mass. 452; *Green* v. *Holway*, 101 Mass. 243; *Griffin* v. *Ranney*, 35 Conn. 239; *Latham* v. *Smith*, 45 Ill. 29; *Bunker* v. *Green*, 48 Ill. 243; *U. S. Express Co.* v. *Haines*, 48 Ill. 248; *Craig* v. *Dimock*, 47 Ill. 308; *Pargoud* v. *Richardson*, 30 La. Ann. 1286; *Holt* v. *Board of Liq.*, 33 La. Ann. 673; Constitution of U. S., art. I, sec. 8; Constitution of U. S., amendment X.)

III.  Practically there are no decisions holding the contrary doctrine.  (Gould & Tucker's Notes to Revised Stats., sec. 3421.)  There are some decisions to the effect that an objection to an instrument that it is not stamped as required by the revenue laws is unavailing, unless the party objecting proves that the stamp was omitted with intent to evade the act of congress.  (Authorities cited in respondent's brief in *Duffy* v. *Hobson*, 40 Cal. 242.)

IV.  It may be contended that the cases of *Wayman* v. *Torreyson*, 4 Nev. 124, and *Maynard* v. *Johnson*, 2 Nev. 16, 25, are in conflict with the decisions hereinbefore cited and so are controlling in this case, but it will be observed that in neither of those cases was the question of the admission of unstamped documents or documents stamped subsequent to the time of execution as evidence considered or decided. And it would seem that upon the question before the court in those cases the law as laid down by the court is not in harmony with the great weight of authority in this country, and, if there is anything in the above cases that would tend to hold that congress has any power to control the admission of evidence in state courts, I submit that it is in conflict with what seems to be the settled law in the balance of this Union.

V.  There is nothing in the act in question which prohibits any person interested affixing the stamp provided by the law to documents of the character offered as evidence in this case at any time before their admission as evidence in the case,

unless it affirmatively appear that the stamp was left off with design to defraud the government, which is not contended in this case. The act provides that certain documents or instruments specifically mentioned and enumerated shall be stamped in a certain way in case the stamp is omitted at the time, but the maxim "*expressio unius est exclusio alterius*" applies in this instance, and all other documents not so specified may be stamped without the aid or consent of the revenue collector. (War Revenue Law, secs. 13, 14.)

VI. In conclusion, we submit that the war revenue law of 1898, having been passed after many of the state courts had construed the former law, and, there practically being no conflict in the rule laid down that congress has no power to regulate the admission of evidence in state courts, the present law must be construed in the light of those decisions and in accordance therewith.

*Goodwin & Dodge*, for Respondent:

I. This cause came on for trial on September 28, 1898, at which time plaintiff sought to prove the allegations of his complaint by the depositions of J. J. Rauer and Rosa Capre, which he offered in evidence. Those depositions were objected to by defendant because the notary's certificate had no internal revenue stamp affixed thereto, as required by that portion of Schedule "A" (War Revenue Law of 1898, p. 14), which reads "Certificate of any description required by law not otherwise specified in this act, ten cents." For the want of a ten-cent revenue stamp, sections 13 and 14 of said revenue act, provide (Sec. 14) "That hereafter no instrument, paper, or document required by law to be stamped, which has been signed or issued without being duly stamped, * * * shall be admitted or used as evidence in any court until a legal stamp * * * shall have been affixed thereto, as prescribed by law." The court sustained the objection, whereupon plaintiff moved for a continuance to Wednesday, October 5, 1898, to enable him to have his documentary evidence duly stamped, which said motion was granted, without objection. On October 5th the trial was resumed, and plaintiff again offered said depositions in evidence and they were objected to on the ground that, it appearing therefrom

that the revenue stamp thereto attached had been affixed at a time subsequent to the execution and issuance of the instrument, it should appear that said stamp had been subsequently affixed in accordance with said section 13, to wit: "That he had appeared before the collector of internal revenue of the proper district," etc. Objection being sustained, plaintiff then offered in evidence a certified copy of the decree and transcript of the docket in the case of *Rosa Rossi* v. *Giovanni Rossi*, which were objected to on the ground that no internal revenue stamps were affixed to the certificates and canceled, as required by law. Thereupon plaintiff rested and case submitted. Plaintiff did not move for another continuance to enable him to have the certified copy of docket and decree of court duly stamped; nor did he offer to affix stamps thereto; the documentary evidence offered, being partly stamped and partly unstamped, or irregularly stamped, it was properly rejected by the court. (Sec. 14, War Revenue Law, 1898; *Carpenter* v. *Johnson*, 1 Nev. 331; *Maynard* v. *Johnson*, 2 Nev. 16; *Wayman* v. *Torreyson*, 4 Nev. 124; *Bowker* v. *Goodwin*, 7 Nev. 135.)

By the Court, BELKNAP, J.:

At the trial the plaintiff offered in evidence two depositions taken under a commission issued to a notary public of the city of San Francisco, State of California, with his certificate thereunto attached. One of these was objected to upon the ground that the stamps required by the act of congress approved June 13, 1898, entitled "An act to provide ways and means to meet war expenditures and for other purposes," were not canceled upon the day the certificate bears date. The other was objected to upon the ground that the certificate was not stamped as required by the provisions of the before-mentioned law. Each objection was sustained, and the evidence excluded.

We have not been referred to any adjudication of the provisions concerning stamped instruments offered in evidence under the act of congress cited, but substantially the same provisions, contained in the internal revenue law of 1862, have frequently been the subject of judicial construction.

One of the early cases under this law was *Carpenter* v.

*Snelling*, 97 Mass. 452. After stating that the law did not, in terms, extend to state courts—and the law of 1898 in this respect is the same—the decision proceeds: " The language of the enactment is only that no instruments or documents not duly stamped shall 'be admitted or used as evidence in any court' until the requisite stamps shall be affixed. This provision can have full operation and effect if construed as intended to apply to those courts only which have been established under the constitution of the United States and by acts of congress, over which the federal legislature can legitimately exercise control, and to which they can properly prescribe rules regulating the course of justice and the mode of administering justice. We are not disposed to give a broader interpretation to the statute. We entertain grave doubts whether it is within the constitutional authority of congress to enact rules regulating the competency of evidence on the trial of cases in the courts of the several states, which shall be obligatory upon them. We are not aware that the existence of such a power has ever been judicially sanctioned. There are numerous and weighty arguments against its existence. We cannot hold that there was an intention to exercise it, where, as in the provision now under consideration, the language is fairly susceptible of a meaning which will give it full operation and effect within the recognized scope of the constitutional authority of congress."

In *Green* v. *Holway*, 101 Mass. 243, the same court said: "The decision in *Carpenter* v. *Snelling*, 97 Mass. 452; that this enactment must be limited to the courts of the United States, and not be construed to extend to, if, indeed, it could constitutionally bind, the state courts, was made after full consideration, is in accordance with the judgments rendered without a doubt being raised upon this point, by the supreme courts of Vermont, Maine, and Pennsylvania in the cases above cited, and with the later adjudications of the very question in *Griffin* v. *Ranney*, 35 Conn. 239; *Craig* v. *Dimock*, 47 Ill. 308; *Bunker* v. *Green*, 48 Ill. 243; and *U. S. Express Co.* v. *Haines*, 48 Ill. 248, and is in harmony with, if it does not fall within, the principle of construction upon which the amendments of the constitution of the United States securing fundamental rights in the modes of judicial proceedings have

been held to apply to such proceedings in the courts of the United States only, and not to those in the courts of the several states. (*Twitchell* v. *Com.*, 7 Wall. 321, and cases cited: *Livingston* v. *Moore*, 7 Pet. 482, 551; *Com.* v. *Hitchings*, 5 Gray, 482.)"

Decisions contrary to the views here stated were made in the cases of *Maynard* v. *Johnson*, 2 Nev. 25, and *Wayman* v. *Torreyson*, 4 Nev. 124, but when these cases were decided the effect of congressional legislation upon the jurisdiction and practice of the state courts had not received the careful judicial consideration afterwards given it, and no suggestion was then made that the act of congress prescribed a rule of evidence for federal courts only.

Judgment reversed and cause remanded for a new trial.