J. E. HARVEY, Appellant, v. J. J. WIELAND.

**Evidence:** FAILURE TO STAMP INSTRUMENT:  *Proof of fraudulent intent required.* Under the United States internal revenue law of June 13, 1898, declaring instruments invalid from which stamps have been omitted with intent to defraud the government, the intent must be shown by the party relying on such omission, before an unstamped instrument will be inadmissible in evidence.

*Same.* Under the United States internal revenue law of June 13, 1898, providing that no unstamped instrument shall be admitted in evidence until a stamp shall be affixed thereto, a stamp may be affixed at any time before such instrument is offered in evidence.

*Appeal from Carroll District Court.*—HON. S. M. ELWOOD, Judge.

WEDNESDAY, FEBRUARY 5, 1902.

ACTION to recover rent. Trial to the court, and judgment for the defendant. The plaintiff appeals.—*Reversed.*

*Geo. W. Bowen* for appellant.

No appearance for appellee.

SHERWIN, J.—There is a written lease of the premises in this case, but a revenue stamp was not placed thereon and canceled when it was executed, as required by the Act of Congress of June 13, 1898 (30 Stat. 461). Objection was made to the lease when offered in evidence for this reason. The proper stamp was then placed thereon and canceled by the assignee thereof, whereupon the lease was admitted in evidence. There is nothing in the court's finding indicating the ground on which judg-

ment for the defendant was based, but we take it to have been based on the failure to stamp the instrument when executed. Many cases have been decided by this court in which the question before us has been determined and decided under former revenue acts of a similar character, but none of these cases are referred to in the argument presented here; hence we are without the help of counsel in applying them to the case at bar. It is claimed by the appellant that the act in question does not apply to evidence offered in a state court, but we have repeatedly held that similar ones did so apply. *City of Muscatine v. Sterneman,* 30, Iowa, 526, and cases therein cited. In *Mitchell v. Insurance Co.,* 32 Iowa, 421, we held that the failure to stamp an instrument did not render it invalid, in the absence of evidence of intent to defraud the government by the omission, and that such an instrument was properly admitted in evidence, where no such intent was shown. This case was followed in *Ricord v. Jones,* 33 Iowa, 26, and in *Ogden v. Forney,* 33 Iowa, 205. It was held in the *Ricord Case* that the burden of proof was on the party relying on the failure to so stamp. There is no evidence of such an intent in this case, and the judgment, for this reason alone, should be reversed. *Cassidy v. St. Germain* 22 R. I. 53, (46 Atl. Rep. 35). Moreover, we are of opinion that the stamping of the lease before it was introduced in evidence would remove the objection to it in this case. *State v. Way,* 15 Iowa, 596. And see note on the subject generally in *Knox v. Rossi,* 25 Nev. 96, (48 L. R. A. 305 (s. c. 57 Pac. Rep. 179). The act of 1898 provides only that no instrument or paper shall be admitted until a stamp shall be affixed thereto, and its very language indicates that the stamp may be affixed at any time before the paper is offered.

The judgment is REVERSED.