(March 9, 1920.)

## BOISE TITLE & TRUST CO., Respondent, v. EMMITT PFOST, as Sheriff of Ada County, Idaho, Appellant.

[188 Pac. 38.]

Mortgage Foreclosure—Sheriff's Deed—Internal Revenue.

In case of sale of real property, pursuant to a decree of mortgage foreclosure by a state court, neither the transfer of title nor the sheriff's deed whereby it is accomplished is subject to taxation by the United States.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action to procure writ of mandate. Judgment for plaintiff. *Affirmed.*

Elbert S. Delana, County Attorney, and J. R. Smead, Assistant U. S. Attorney, for Appellant.

This deed is no part of the process of court involved in the original action, out of which grew respondent's right to such deed. The last process of court was the execution issued by the clerk, and when such execution was levied by appellant, a sale had pursuant to such levy, proper return attached to such execution and the execution and return filed in court, the last function of court was fully performed. The making of this deed is a ministerial act on the part of the sheriff, in which he is by virtue of statutory law substituted for the owner of the property, and in such substituted capacity performs an act with which the court has no connection and over which it has no vestige of direction or control. An execution sale such as this must be distinguished from a judicial sale. (24 Cyc. 6; *Hershy v. Latham,* 42 Ark. 305; *Norton v. Reardon,* 67 Kan. 302, 100 Am. St. 459, 72 Pac. 861; *Dawson v. Litsey,* 10 Bush (Ky.), 408.)

The sheriff is merely acting as the attorney in fact of the defendant in making such a deed. (Tiffany, Real Property, sec. 460, pp. 1053–1056.)

Richards & Haga and J. L. Eberle, for Respondent.

The powers, functions, proceedings and operations of the judicial or any other branch of state government and the machinery, agencies and instrumentalities provided, selected or used by such state or branch of government as necessary or convenient to the exercise of any of such powers, functions, proceedings or operations cannot be subjected' to the taxing powers of the United States government. (1 Cooley on Taxation, 3d ed., pp. 129–134; *Collector v. Day,* 11 Wall. (U. S.) 113, 20 L. ed. 122; *Pollock v. Farmers' Loan & T. Co.,* 157 U. S. 429, 584, 15 Sup. Ct. 673, 39 L. ed. 759, 820; *State of South Carolina v. United States,* 199 U. S. 437, 4 Ann. Cas. 737, 26 Sup. Ct. 110, 50 L. ed. 261; *Ambrosini v. United States,* 187 U. S. 1, 23 Sup. Ct. 1, 47 L. ed. 49, see, also, Rose's U. S. Notes; *Warren v. Paul,* 22 Ind. 276; *Tucker v. Potter,* 35 Conn. 43; *State v. Garton,* 32 Ind. 1, 2 Am. Rep. 315; *Fifield v. Close,* 15 Mich. 505; *Noble v. Citizens' Bank of Geneva,* 63 Neb. 847, 89 N. W. 400; *McNally v. Field,* 119 Fed. 445; *Jones v. Keep,* 19 Wis. 369; *Stirneman v. Smith,* 100 Fed. 600, 40 C. C. A. 581.)

MORGAN, C. J.—Respondent, the purchaser of certain premises at mortgage foreclosure sale held pursuant to a decree of the district court, demanded a sheriff's deed, which appellant, the sheriff, refused to execute and deliver unless there be paid to him the cost of revenue stamps to be affixed thereto in conformity, as he contended, with the requirements of sec. 800 and sec. 7, schedule A of the act of Congress of October 3, 1917, commonly called the War Revenue Act, 40 Stat. at L., 319 and 321.

The language of these sections, requiring that revenue stamps be affixed to certain documents, is broad enough to include the deed demanded by respondent, and the question

presented by this appeal is as to the power of Congress to require that such stamps be affixed to a sheriff's deed issued in obedience to the laws of Idaho and a decree of one of its courts.

The acts of a sheriff in selling property at mortgage foreclosure sale, and in executing and delivering a deed whereby it is conveyed to the purchaser, are performed in his official capacity and in the administration of justice by the state government. In such case neither the transfer of title nor the deed whereby it is accomplished is subject to taxation by the United States. (*The Collector v. Day*, 11 Wall. (U. S.) 113, 20 L. ed. 122, see, also, Rose's U. S. Notes; *Warren v. Paul*, 22 Ind. 276; *Stirneman v. Smith*, 100 Fed. 600, 40 C. C. A. 581; *Knox v. Rossi*, 25 Nev. 96, 83 Am. St. 566, 57 Pac. 179, 48 L. R. A. 305; *Fifield v. Close*, 15 Mich. 505; *Jones v. Keep*, 19 Wis. 369; *McNally v. Field*, 119 Fed. 445.)

In the case last cited it is said: "It is familiar law that Congress has no power to tax the governmental instrumentalities of a state. It is the acknowledged right of a state to administer justice through its own courts, and to employ all necessary agencies for that purpose, unobstructed by the federal government. These subjects are therefore not within the taxing power of Congress."

The right to maintain this action has not been questioned; therefore we do not decide whether respondent has a plain, speedy and adequate remedy, by motion in the foreclosure case, nor what the effect of such a remedy is, if it exists.

The judgment is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.