## BOISE TITLE & TRUST CO. v. EVANS, Collector of Internal Revenue.

(District Court, D. Idaho, S. D.   January 22, 1924.)

No. 1080.

1. **Internal revenue ⬤⇒2—Application of statute not affected by state laws.**
    The question whether a deed is subject to the stamp tax imposed by the internal revenue statutes is not affected by state statutes.

2. **Internal revenue ⬤⇒19(1)—Sheriff's deed held subject to stamp tax.**
    A sheriff's deed, executed on foreclosure sale of property under a decree of a state court, *held* subject to stamp tax under internal revenue statutes.

At Law. Action by the Boise Title & Trust Company against Evan Evans, Collector of Internal Revenue for the District of Idaho. Judgment dismissing complaint.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Richards & Haga, of Boise, Idaho, for plaintiff.

E. G. Davis, U. S. Dist. Atty., and J. H. McEvers, Asst. Dist. Atty., both of Boise, Idaho, for defendant.

DIETRICH, District Judge. In a suit brought in a state court by the plaintiff here, for the foreclosure of a mortgage, a decree of foreclosure was duly entered, and thereupon, pursuant to the practice in such cases, the sheriff of the county, acting under the authority and pursuant to the directions of such decree, offered the mortgaged property for sale. The plaintiff, being the highest bidder, became the purchaser, and upon the expiration of the period of redemption granted by the state statute, no redemption having been made, the sheriff executed and delivered a deed in due form conveying to it the property sold, the deed bore no revenue stamps, and that fact having thereafter come to the knowledge of the defendant, who is the collector of internal revenue of the United States for the district of Idaho, he demanded of the plaintiff payment of the regular documentary stamp tax. Being threatened with appropriate coercive measures in case it refused the demand, the plaintiff complied, under protest, and affixed stamps amounting to $23.50. This suit is brought to recover the amount so paid.

[1] Our jurisdiction is conceded, and upon defendant's demurrer, challenging the sufficiency of the complaint, the only question submitted is whether or not the deed is subject to the tax imposed upon deeds and other instruments, the precise point being whether such deed is an instrumentality of state government and for that reason exempt. In a mandamus proceeding brought by the plaintiff against the sheriff (Boise Title & Trust Co. v. Pfost, 32 Idaho, 743, 188 Pac. 38), the Supreme Court of this state adopted the plaintiff's view, and held that stamps were not required. The defendant here was not a party to that proceeding, and accordingly it is conceded that the judgment therein does not constitute a judicial estoppel. The suggestion that the holding rests upon a construction of state statutes, and is therefore binding here, is without merit. An Idaho sheriff's deed is in all material respects the same as similar deeds in other jurisdictions, performs the same functions, and has the same relation to the foreclosure proceeding, and the court gave no intimation that its conclusion was based upon any distinctive statutory provision.

[2] The only federal case called to my attention, in which the precise question has been decided, is Home Title Insurance Co. v. Keith, 230 Fed. 905, where in a well-considered opinion Judge Chatfield held that such an instrument is taxable. In principle the decision is strongly supported by Farmers' Loan & Trust Co. v. Council Bluffs Gas & E. L. Co. (C. C.) 90 Fed. 806. Admittedly the ultimate decision of the question is for the federal rather than the state courts, and the reasoning of these cases being in harmony with my own independent view, I feel constrained to sustain the demurrer, and accordingly a judgment absolute, dismissing the complaint, will be entered.

It is not thought any useful purpose would be subserved by a review of the reasoning of the Keith Case, with which I am content.