## WHITTINGTON PARK AMUSEMENT CO. et al. v. GARDNER et al.

No. 14728—Opinion Filed Jan. 29, 1924.

Rehearing Denied March 4, 1924.

**1. Mortgages—Tax on Mortgages—Statute.**

In relation to the payment of taxes on real estate mortgages imposed by chapter 246, Session Laws of 1913, page 686, the act provides that such instruments should not be received in evidence or proceeedings had for foreclosure thereon unless the taxes imposed by the article have been paid.

**2. Same—Payment as Prerequisite to Suit.**

Where no proof was introduced to show that the omission to pay the mortgage tax at the time of filing the instrument for record was for the purpose of defrauding the state of the tax payment, it will be sufficient if the taxes be paid thereon prior to offering the instrument in evidence and the judgment of foreclosure thereon.

**3. Execution—Bona Fide Purchaser—Notice of Mortgage.**

A person who purchases property at sheriff's sale with notice of a prior existing mortgage thereon is not a purchaser for value without notice.

**4. Mortgage Foreclosure—Affirmance.**

Record examined; held, to support judgment.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Will C. Gardner et al. against Whittington Park Amusement Company et al. for foreclosure of mortgage. Judgment for plaintiffs. Defendants bring error. Affirmed.

Eddleman & Sneed, for plaintiffs in error.

Brown, Williams & Brown, for defendants in error.

Opinion by STEPHENSON, C. On the 19th day of July, 1919, the Whittington Park Amusement Company made and executed its note in the sum of $3,000, payable to the State National Bank of Ardmore, Okla. The plaintiffs became indorsers for the amusement company, and to indemnify plaintiffs against loss by reason of paying the notes, the amusement company executed and delivered its mortgage to the plaintiffs covering certain property owned by the company. This mortgage was filed for record with the county clerk of Carter county on the 24th day of July, 1919. The amusement company failed to pay the notes, and the plaintiffs, as sureties caused the obligation to be satisfied. In July, 1920, Douglas H. G. Thomas received an injury while on the amusement company's property, for which he recovered a judgment against the amusement company. The property of the amusement company was sold under execution and purchased by Chas. Thomas, who assigned the property to E. P. Shoemaker, and who took and held the property for himself, and as trustee for R. R. Sneed, A. Eddleman, and other stockholders of the amusement company. After the payment of the note in question the plaintiffs commenced their action to foreclose the mortgage and joined E. P. Shoemaker with the amusement company, on the theory that the purchaser of the property through the execution and sale was not an owner for value without notice of the plaintiff's mortgage. The appraisement as made and returned in the Thomas Case showed a mortgage indebtedness against the property of about $4,000. Will C. Gardner, one of the stockholders of the amusement company for whom Shoemaker was holding the property, was asked the following question in relation to Shoemaker:

"Q. Was he a stockholder in it at the time this————. I want to show that Mr. Shoemaker is holding legal title to this property for the benefit of himself, M. T. Pierce, B. C. Rickets. U. S. Joines, and one or two others and that all those for whom he is holding this property in trust are stockholders or were stockholders in the Whittington Park Amusement Company, and they got the benefit of this money they are asking these other stockholders to lose.

"Mr. Sneed: That is true, but can't throw any light on this suit."

Mr. Sneed, who is one of the attorneys for the plaintiffs in error, testified that he examined the record and knew of the presence of the mortgage before the stockholders purchased the property. It appears that the defendants relied on the fact that the plain-

tiffs did not pay the mortgage tax at the time of filing the mortgage for record, and contend that such failure vitiated the mortgage and rendered the same null and void. In this connection, the defendants are in error. The statutory provision relating to the payment of mortgage taxes merely prohibits the mortgage being received in evidence until the tax is paid or the rendition of judgment in foreclosure to the payment of the taxes. In this case it does not appear that plaintiffs omitted the payment of the taxes at the time of recording the mortgage for the purpose of defrauding the state of the taxes. Harvey v. Wieland, 115 Iowa, 564, 88 N. W. 1077; First Natl. Bank v. Stone (Iowa) 91 N. W. 1076; Rowe v. Bowman, 183 Mass. 488, 67 N. E. 636; Campbell v. Wilcox, 10 Wall. 421, 19 L. Ed. 973; Baumhoff v. Okla. City Power Co., 14 Okla. 127, 77 Pac. 40.

Therefore it is recommended that this cause be affirmed.

By the Court: It is so ordered.