## ILLINOIS BANKERS LIFE ASSURANCE CO. v. BRYDIA et al.

No. 26939.    May 18, 1937.

Rehearing Denied July 13, 1937.

James. H. Chambers and Grigsby & Andrews, for plaintiff in error.

John C. Blanford, for defendants in error.

HURST, J. The plaintiff, Illinois Bankers Life Assurance Company, commenced this action to foreclose a real estate mortgage. The defendants interposed the defense that the mortgage is void for the reason that the mortgagee required the mortgagors to pay the mortgage tax, in violation of section 12354, O. S. 1931, which makes it a misdemeanor for the mortgagee to require the mortgagor to pay the tax. The record shows that the action arose under the following circumstances:

The plaintiff, an Illinois corporation with its home office in that state, owned a farm in Oklahoma. The defendants, F. F. Brydia and his wife, Catherine Brydia, residents of Oklahoma, went to the home office of the company and made an offer to buy the farm, and a deal was consummated in Illinois under the terms of which the company was to receive $1,600 net for the farm, of which $600 was paid in cash and $1,000 was evidenced by notes and secured by a mortgage on the land. The purchasers agreed to pay the expense of completing the abstract, which amounted to $6.10, the recording, and the mortgage registration tax. They gave the company a check for $2.50, out of which the company paid the recording fee of $1.50 and the mortgage registration tax of 80 cents. The mortgagors did not pay the abstract expense. Within a week after the sale was made, the mortgagors leased the land for oil and gas and conveyed an undivided one-fourth interest in the minerals. This conveyance specified that it was subject to the mortgage to the plaintiff. About three weeks thereafter the mortgagors conveyed the remaining three-fourths interest in the minerals. About a week after the sale was completed, the company sent the mortgagors a check for $1 as a refund of the mortgage tax, but this check was never cashed. The mortgagors failed to pay the taxes or the interest when they became due, and the mortgagee paid the taxes. The notes and mortgage contained an acceleration clause, under which the mortgagee declared the indebtedness due and then filed this action, making the mortgagors, the oil and gas lessee, and the purchasers of the mineral rights parties defendant. The case was tried to the court without a jury.

The president of the company testified by deposition that at the time the sale was completed he was not familiar with the Oklahoma law with reference to the payment of the mortgage tax, and a few days afterwards he learned of the law and immediately sent the check. Mr. Brydia testified that he objected to paying the tax, and advised the president of the company at the time that "it wasn't the law" for the mortgagor to pay the tax, but that the president told him that if he got the land he would have to pay it. He did not testify that he told the president of the terms of the law or that there was any penalty imposed for its violation. He admitted that he refused to cash the check sent by the company as a refund of the mortgage tax so that he could interpose the defense that was interposed.

The court found for the defendants, and entered judgment denying the plaintiff any relief, and canceled the notes and mortgage and quieted the title of the defendants as against the plaintiff, from which judgment this appeal was taken.

It is not contended that the notes and mortgage on their face are invalid. They do not refer to the mortgage tax. The invalidity, if any, exists by reason of the collateral verbal agreement. The notes and mortgage are supported by an independent consideration that is entirely legitimate, namely, the balance due on the purchase price of the land, and no part of the consideration is illegal. They could be proven without reference to or the aid of the collateral agreement requiring the mortgagors to pay the mortgage tax. This court in the case of Winnebago State Bank v. Hall, 127 Okla. 215, 260 P. 497, involving an alleged violation of this same statute, held that under such circumstances relief would not be denied the mortgagee. See, also, 13 C. J. 502, note 57.

In Walters National Bank v. Bantock, 41 Okla. 153, 137 P. 717, the rule applicable to the facts of this case is stated as follows:

"A lawful agreement between parties will be enforced, even though it may be incidentally or indirectly connected with a contract that is illegal, where such lawful agreement is supported by an independent consideration, and can be proven without the aid of the illegal contract."

In Restatement of the Law of Contracts, vol. 2, p. 1115, the rule is stated as follows:

"If neither the consideration for the promise nor the performance of the promise in an illegal bargain involves serious moral turpitude, and the bargain is not prohibited by statute, it is enforceable unless the plaintiff's case requires proof of facts showing illegality, or they are pleaded by the defendant, and even in that event recovery

may be allowed of anything that has been transferred under the bargain, or its fair value, if necessary to prevent a harsh forfeiture."

Here, the defendants, by their sale of the oil and gas lease and all the mineral rights, have made it impossible to rescind and return the property to the plaintiff, since the rights of third parties have intervened.

In Whittington Park Amusement Co. v. Gardner, 98 Okla. 51, 228 P. 684, this court held that the failure of the mortgagee to pay the mortgage registration tax at the time of recording the mortgage, where the mortgagee acted without any intent to defraud the state of the tax, and the tax was actually paid before the mortgage was received in evidence, would not defeat the mortgagee's right of recovery.

The defendants cite Knebel v. Rennie (1922) 87 Okla. 136, 209 P. 414, for the proposition that the violation of the statute renders the mortgage void. But it must be noted that the language of that case, in so far as it bears on this question, was dictum, and the court did uphold the validity of the mortgage.

The judgment is reversed, with directions to the trial court to enter judgment for the plaintiff against the makers of the notes according to the tenor thereof, and for the taxes paid, and for a reasonable attorney fee to be fixed by it, and for foreclosure of the mortgage against all the defendants.

OSBORN, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur. BAYLESS, V. C. J., dissents. RILEY, J., absent. BUSBY, J., absent and not participating.