## The Peoples National Bank of Shippensburg v. Baker

*J. S. Omwake* and *Kramer & Kramer*, for plaintiff.
*Edwin M. Blumenthal*, for sheriff.
*Jasper Alexander*, for purchaser.

REESE, P. J., November 27, 1937.—At the sheriff's sales of real estate held on September 17, 1937, the real estate of the defendant herein was sold by the sheriff under a writ of fieri facias issued on the præcipe of the plaintiff herein. Benjamin J. Whorley bid $3,200 for the property, which was sold to him, and on September 20, 1937, Whorley paid to the sheriff the purchase price in full. The

sheriff demanded that the purchaser pay additional sums of $31 for poundage and $3.50 for Federal stamp tax on the deed. These additional amounts the purchaser paid to the sheriff under protest. The purchase price, $3,200, was sufficient to pay all costs and liens of record in full, leaving a balance of almost $900 to be distributed to the judgment debtor.

Upon petition of the purchaser, a rule was granted on the sheriff to show cause why he should not repay to the purchaser these additional sums. It is the purchaser's contention that poundage and stamp tax should be included in the costs and not paid by the purchaser. The sheriff's answer to the rule contends that under the law and the prevalent local practice these amounts are properly chargeable to and payable by the purchaser.

The question whether the sheriff's commission or poundage should be included in and paid out of the costs or should be paid by the purchaser depends on the construction and interpretation of the sheriff's fee bill, Act of June 1, 1933, P. L. 1141, 16 PS §2661a.

"The appellate and lower courts of this State have construed strictly the provisions of the statutes fixing the sheriff's commission or poundage. . . .

"The sheriff's right to charge poundage is of statutory origin and must depend upon the statute creating the right": Union National Bank of Mount Joy v. Saylor, 26 D. & C. 204, 207, 208.

Section 1 of the sheriff's fee bill of 1933, supra, fixes: ". . . the fees and costs, including commissions and mileage, to be charged and received by sheriffs . . . from parties or counties requiring their services". Subdivision (b) of section 1 provides:

"For executing writs of *levari facias, fieri facias, venditioni exponas,* or any writ or order issued out of any court, requiring the levy and seizure of lands and tenements or selling the same according to law, the following items to be paid *by the plaintiffs or petitioners*". (Italics ours.) Then follows an enumeration of the fees; for re-

ceiving, docketing and making return of the writs; for serving or posting any copy or notice of such writs; for levying; for advertising and for crying the sale. Following this enumeration of items to be paid *by the plaintiff,* the same subdivision (*b*) provides:

"In addition, the sheriff shall charge and receive, as an official fee, a commission charge of two cents on every dollar, based upon the total amount bid for the property, whether paid to the sheriff or credited to the purchaser; provided, that the amount of same does not exceed one thousand dollars, in which case one-half cent (½¢) on every dollar in excess of this amount shall be charged in addition."

Following the latter provision is an enumeration of the items *to be paid by the purchaser,* viz.; for executing and acknowledging the deed; for registering the deed in any municipality and for the registration fee; for any fee of the prothonotary for the acknowledgment of the deed and for the fee of the recorder for recording.

If the legislature had intended the commission or poundage to be paid by the purchaser, the act would so provide, just as it does in the case of the items last set forth. Our conclusion is that the act requires the commission or poundage to be charged and received from the plaintiff, who will ultimately be reimbursed out of the proceeds of the sale for this charge as well as for the other items which he must pay. We can find no language in the act which can be construed as requiring the purchaser to pay the poundage.

Nor can the act be so construed as to require the purchaser to pay the Federal stamp tax. This tax on deeds and conveyances is imposed by a series of temporary amendments of Schedule A of Title VIII of the Federal Revenue Act of February 26, 1926, 44 Stat. at L. 9, 99, 26 U. S. C. §900. Section 800 of the Revenue Act of 1926, supra, provides that the tax shall be paid by any person who makes or signs any of the documents subject to the tax, or for whose use or benefit the same are made or

signed. Certainly under this legislation the tax is not payable by the purchaser. In Boise Title & Trust Co. v. Evans, etc., 295 Fed. 223, it was held that a sheriff's deed is subject to the stamp tax imposed by internal revenue statutes, citing with approval Farmers' Loan & Trust Co. v. Council Bluffs Gas & Electric Light Co., 90 Fed. 806, which clearly indicates that the stamp tax is to be paid by the sheriff as part of the costs out of the proceeds of sale.

And now, November 27, 1937, the rule is made absolute and the sheriff is directed to repay to Benjamin J. Whorley the sum of $31 charged for poundage, and the sum of $3.50 charged for stamp tax. The sheriff is further directed to make distribution of the proceeds of the sale according to law, including the items for poundage and stamp tax as part of the costs.