THOMPSON v. CAPITOL ABSTRACT & TITLE CO.

No. 31072. Sept. 19, 1944.

Rehearing Denied Dec. 12, 1944.

*154 P. 2d 80.*

Snyder & Lybrand, of Oklahoma City, for plaintiff in error.

Lee Gill and Willingham & Fariss, all of Oklahoma City, for defendant in error.

DAVISON, J. This is an action by the Capitol Abstract & Title Company on account and account stated to recover from T. G. Thompson the value of the services performed in the preparation of a number of abstracts.

The cause was tried to a jury in the district court of Oklahoma county, resulting in a verdict and judgment for the plaintiff in the sum of $3,223.80. The defendant, T. G. Thompson, appeals, appearing herein as plaintiff in error. Our continued reference to the parties will be by their trial court designation.

The brief of the defendant refers to many phases of the proceedings before the trial court, but urges only one alleged error in seeking reversal of the judgment. Our discussion of the case will be confined to the issue presented on appeal. The defendant's position is stated in the following excerpts from his brief. We quote:

"If permissible, we state, at once, that one single sufficient of many errors disclosed by two thick volumes of casemade is intended to be urged in this brief . . . for, we preliminary state that the narrow but sufficient legal issue is

based upon the principle that a party whose action attempts to recover in clear violation of law cannot successfully invoke the aid of a court, because courts of law will not lend support to a claim founded upon the law's violation."

In preserving the error for review defendant in the trial court at the conclusion of the evidence moved for dismissal. The motion as orally made was:

"Comes now the defendant, at the close of all the evidence, and moves the court to dismiss this action, discharge the jury and to refuse the plaintiff any relief herein and to award the costs of this action to the defendant, on the grounds and for the reason that under the disputed evidence in this case it is disclosed that the plaintiff is, in this action, seeking to enforce charges in excess of those stated in the statute and contrary to the statute and that to grant any relief to the plaintiff in this action would be for the court to sanction a violation of the law."

At the conclusion of defendant's brief his request is:

"It is respectfully submitted the cause should be reversed with directions to · enter judgment for defendant."

Defendant is thus presenting his case on the theory that the plaintiff's alleged inclusion in the account of charges for abstracter's services in excess of the maximum charge prescribed by our statute (1 O. S. 1941 § 7) defeats plaintiff's entire action as distinguished from the portion thereof constituting excess charges or the portion thereof represented by items which embrace excess charges.

The statute relied upon, section 7, supra, reads:

"No person, firm or corporation doing business under the provisions of this chapter shall charge any fees in excess of the following: for the first entry of transfer on the abstract, seventy-five cents; for each subsequent entry of transfer, thirty-five cents; for entry of certificate relating to taxes, fifteen cents; for entry of certificate relating to mechanic's liens, fifteen cents; for certificate as to judgments which may constitute a lien on real estate ab-

stracted, thirty-five cents; fifteen cents for each name certified to; for synopsis of court records or proceedings, thirty cents per folio; and it shall be the duty of the abstracters to continue any abstract so made by them on the payment of twenty-five cents for each additional ·entry thereon and certificate fees as above stated. Provided, that where counties have been organized by proclamation of the Governor, and later dissolved by the courts, and the territory reverts to the county or counties from which the county was organized, the abstracter shall omit from abstracts in the territory of such county all records relating to the formation and dissolution of such counties."

The next succeeding section (sec. 8, Id.) makes a violation of section 7 a misdemeanor punishable by fine.

It is at once apparent that in order to identify or establish an overcharge, the charge made for particular items as classified in the statute must be separately determined in order to render a comparison with the statutory maximum charge on such items possible.

Thus in each instance in which an overcharge can be asserted to have been made, the amount charged for the particular items must of necessity be ascertainable and apparent and the amount the charge exceeds the statutory maximum is determinable by mathematical calculations.

An examination of plaintiff's brief and of the record before us indicates that when plaintiff's account is classified on a statutory basis some, but not all, of the items which make the total are asserted to have included overcharges.

In order to arrive at the precise question involved in this appeal, we shall indulge certain assumptions.

For the purpose of this appeal we shall assume, without deciding, that defendant is correct in asserting that some of the charges made were in excess of the statutory maximum. We shall further assume without deciding that such an overcharge is tainted with

illegality of such a nature as to cause a court in a civil action to decline to assist in the collection thereof.

The question then is: Does the inclusion of such tainted items among untainted items in an account taint the entire account so as to justify a dismissal of any action based thereon or require the entry of judgment for the defendant in such action?

This question must be answered in the negative for the reason that such items are severable and it is possible to separate the good from the bad.

This being an action on account, the relationship between the parties hereto is contractual in nature. Decisions dealing with the illegality of express contracts rest upon principles which are equally applicable in implied contracts as well as express contracts connected with accounts.

In 12 Am. Jur. 738 it is said:

" . . . The rule with respect to agreements in violation of statute has been declared to be that if any part of an agreement is valid, it will avail pro tanto, though another part of it may be prohibited by statute, provided the statute does not, either expressly or by necessary implication, render the whole void and provided the sound part can be separated from the unsound and enforced without injustice to the defendant."

And at page 740 of the same volume it is stated:

" . . . Where, however, the consideration for an agreement is made up of several distinct transactions or several parts, some of which are legal while others are illegal, and the legal portions of the consideration can be separated from the illegal portions, the agreement will be upheld . . . "

Applying the principle of severability and demonstrating the disposition of this and other courts in actions ex contractu to separate the legal from the illegal and to deny the right to resort to the courts for and only in connection with the latter, notice and consider the following cases: Illinois Bankers Life Assurance Co. v. Brydia, 180 Okla. 436,, 70 P. 2d 73; Camp v. Black Gold Petroleum Co., 189 Okla. 692, 119 P. 2d 815; Higby v. Martin, 167 Okla. 10, 28 P. 2d 1097; Culver v. Diamond, 64 Okla. 271, 167 P. 223; Edgar v. Ames et al., 255 Fed. 835.

Upon consideration of the foregoing authorities we are of the opinion, and hold, that the inclusion in the account of items and charges which were or may have been tainted with illegality by reason of being in excess of the statutory maximum did not render it improper to enforce those severable parts and portions of the account which embraced no illegal charges. The trial court, therefore, did not err in refusing to dismiss the action. We do not herein decide whether it is the amount in excess of the statutory maximum or the entire item in connection with which the overcharge is made which is uncollectible. Our decision is that the entire account does not become uncollectible.

The trial court in its instructions advised the jury to exclude from the amount of allowed recovery charges made in excess of the statutory maximum. The accuracy with which this instruction was followed is not within the error presented.

If we were asked to remand this case for a new trial or reduce the amount of the judgment on the theory that under the uncontradicted evidence illegal charges were included in the judgment and our examination of the record should disclose the inclusion of such charges, a different question would be presented and a different result might follow.

We decline, however, to direct judgment for the defendant or to vacate the judgment rendered for the purpose of ordering a dismissal of the cause.

Affirmed.

GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, and ARNOLD, JJ., concur. HURST, J., dissents.