## DICKERSON v. WORTEN, Judge.

No. 17344—Opinion Filed Nov. 30, 1926.

(Syllabus.)

1. **Mandamus—Disqualification of Judge—Insufficiency of Showing of Prejudice.**

While mandamus is a proper remedy to require a trial court to disqualify where application has been presented to such court setting out a reason or reasons which would show that the plaintiff could not fairly and impartially receive consideration of his cause before the judge presiding, but where the allegations are merely general and conclusions solely, except specific that the trial judge is prejudiced because, the plaintiff understands, the trial judge has given credence to rumors that he has been attempting to practice law without being admitted to the bar of this state, and there is nothing in the affidavit that shows that the trial court is prejudiced against the plaintiff in representing himself individually by reason of that fact, this court will not disqualify the trial judge.

2. **Same—Mandamus to Compel Judge to Recognize Attorney—Lack of Showing as to Admission to Bar.**

Where, in an original action filed in this court, the plaintiff seeks to compel a judge of the district court to recognize him as a duly admitted and practicing attorney at law, and his allegations fail to show that he has complied with section 4087, C. O. S. 1921, there is no allegation, even if the remedy sought be conceded to be a proper remedy, on which this court can take any action.

3. **Same—Mandamus not Available to Compel Judge to Reinstate Cause Dismissed.**

Where a plaintiff, representing himself, has filed a petition in the district court to which a motion to make more definite and certain has by the trial court been sustained and leave granted to amend; and an amended petition filed to which a demurrer was sustained and leave granted to amend, and a second amendment petition has been filed and other amended pleadings filed, none of which complied with the order and rulings of the court, and the trial court dismisses the cause on account thereof, the record presents nothing which warrants this court in a proceeding such as here to alter the judgment of the trial court.

Original action in Supreme Court by P. J. Dickerson for writ of mandamus against Jesse J. Worten, district judge. Writ denied.

Philip J. Dickerson, for plaintiff.

BRANSON, V. C. J. This is an original action in this court by P. J. Dickerson against Jesse J. Worten, as judge of the district court of Osage county, Okla. The petition is styled "Petition for Mandamus and to Reinstate Cases and to Certify Disqualification." It is from the style of the pleading filed in this court that we obtain more definitely than from any other statement in the petition what relief the plaintiff desires at the hands of this court. The petition, as best we can gather from what appears to be intended to be alleged, is to this effect:

"That the petitioner was admitted to the bar of the Indian Territory prior to the admission of the state of Oklahoma into the Union; that he was admitted in the United States Court for the Southern District of the Indian Territory at Chickasha; that thereafter he was admitted to the bar in the state of Nebraska; that for some time prior to filing this petition in this court he has been holding himself out as a practicing and duly licensed lawyer in the city of Pawhuska, Osage county, Okla.; that he filed a petition against the Liberty National Bank of Pawhuska, Okla., which had for its purpose, as best we can gather, a judgment for damages against the said bank for protesting a check or checks which he had drawn in favor of divers persons on an alleged account in said bank, asserting, as we gather from his allegations, not that he had the money in the bank on deposit at the time the checks were presented to the said bank for payment, but that someone at the bank had orally agreed that the bank would pay any check he drew on the bank whether he had the money on deposit to his credit to meet the same or not; that to such petition the trial judge, the respondent herein, sustained a motion to make more definite and certain; a like motion to a so-called amended petition, and this was repeated until four or five pleadings were filed by the plaintiff, none of which, as adjudged by the trial court, met the requirements of the orders of the court."

About the time of filing his last pleading (or third or fourth alleged amended pe-

tition) the plaintiff filed an affidavit to disqualify the respondent herein from hearing the same. The allegations to disqualify the respondent contained in the said affidavit are nothing but generalities, except that the respondent is charged with entertaining an adverse mind or feeling towards the plaintiff on account of alleged unwarranted and false reports circulated, intended to convey the false impression that the plaintiff has for. years pretendedly been p.acticing law without being admitted to the bar of the state of Oklahoma, and which reports the respondent has given credence without knowing the facts; that such reports were slanderously and libelously made and calculated to prejudice the judge against the plaintiff.

We must conclude from the record that plaintiff really seeks an order and judgment from this court directing and commanding the trial court, not only to disqualify, but to vacate his order dismissing the pretended case filed against the Liberty National Bank and to certify his disqualification in the case, but that the plaintiff also seeks that this court compel the respondent, as judge of the district court of Osage county, to recognize the petitioner as a member of the bar and duly authorized to practice law in the courts of Oklahoma.

The numerous allegations which in substance are attempted to be set forth by many repetitions must be disposed of as we view them.

First: As to the mandamus to disqualify. From our synopsis of the affidavit filed, there is nothing set forth which shows that the trial judge is in any way biased against the plaintiff or did not fairly and impartially pass upon plaintiff's pleadings, except that part thereof which refers to the information that the trial judge had been given that he (the plaintiff) was not a practicing attorney.

It appears that the plaintiff is undertaking to represent himself in his action against the Liberty National Bank. So far as that part of his grievance is concerned, it makes no difference whether he was duly admitted to the bar of the state of Oklahoma or not. The law of this state does not fail to recognize that a litigant can file his own suit and prosecute the same, if he sees fit to do so, and there is nothing in the affidavit that the respondent herein has failed to recognize this right in regard to the plaintiff.

We therefore conclude that there is nothing presented here which would warrant us in mandamusing the respondent to enter his disqualification.

The petition, as above set out, is susceptible of no construction other than that, along with the relief above set forth, petitioner wants this court to require the district court of Osage county to recognize him as a practicing attorney for the reason, as he alleges, that he was admitted to practice law in the Indian Territory and was at one time admitted to the bar in the state of Nebraska. If this relief is in fact what the plaintiff seeks this court to accord him, we find it impossible to do so, whatever might be the degree of sympathy aroused in the minds and hearts of the members of this court from the character of petition filed here. There is no provision of law or this state that authorizes anyone to hold him elf out as a practicing attorney at law merely because he was admitted as such in the Indian Territory or in the state of Nebraska. Section 4087, C. O. S. 1921, provides:

"No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct or defend any action or proceeding in which he is not a party concerned, either by using or subscribing his own name, or the name of any other person, unless he has been pr ev'ously admitted to the bar by order of the Supreme Court, and the court shall fix the time when examinations shall take p'ace, which may either be in term or vacation, and shall fix the examination and admission fees, and prescribe and publish rules to govern such examination."

Again, section 4113 provides:

"Any judge or judges of any court of record who shall knowingly permit any person to appear in such court in violation of section one (1) of this act, shall be deemed guilty of a misdemeanor and on conviction shall be removed from office, and it shall be the duty of the Attorney General of the state to enforce this law in conjunction with all other proper authorities."

Plaintiff does not even plead or contend that he was ever admitted to practice law in the state of Oklahoma in accordance with the said section 4087.

While he refers in his petition to that part of the schedule to the Constitution of Oklahoma which provides that under certain conditions persons who had been admitted in the territory may be admitted in the state of Oklahoma, he nowhere asserts that he ever availed himself of that provision.

This court, therefore, cannot even consider this attempt at relief in the instant action.

Further, as we interpret his pleadings, he seeks to mandamus the district court to reinstate the cause which the court had on the

2nd day of November, 1925, dismissed, in which order of dismissal it was recited:

"That the plaintiff has filed several petitions and amended petitions and supplemental petitions in this cause and that the same do not state facts in the clear and concise manner sufficiently to advise the court or the defendant of the alleged cause of action and that the several petitions do not state facts with enough definiteness, clearness, or certainty to enable the defendant to plead thereto.

"The court further finds that the plaintiff's petition and several amended and supplemental petitions failed to state facts sufficient to constitute a cause of action against the defendant and that the court has heretofore sustained demurrers to the several petitions and granted leave to the plaintiff to amend his petition and that plaintiff has on every occasion failed to amend so as to state a cause of action."

Thereafter, the court finds that by reason thereof the cause should be dismissed.

There is nothing set out in the petition, or the numerous exhibits thereto, which would warrant this court in finding other than as the district court found, that, although the plaintiff had been continuously indulged, he had not complied with the orders of the court, and the order of dismissal was within the power of the trial judge.

We do not comment, as we feel it unnecessary, upon the character of remedy sought as against this last alleged error of the trial court. Certainly a proper remedy would have been if the court wrongfully dismissed the plaintiff's petition, amended petition second amended petition, third amended petition, or fourth amended petition, to appeal to this court. No appeal was presented here. The judgment of the trial court as to all matters drawn in question, we refuse to disturb.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, and HUNT, JJ., concur.

Note.—See under (1) 38 C. J. p. 613, §91; p. 620, §105; 15 R. C. L. p. 530; 3 R. C. L. Supp. p. 467½ 4 R. C. L. Supp. p. 1000; 6 R. C. L. Supp. p. 921. (2) 38 C. J. p. 648, §171. (3) 38 C. J. p. 629, §127; 18 R. C. L. p. 312.