## DICKERSON v. CROZIER et al.

No. 17381.    Opinion Filed Nov. 8, 1927.

Rehearing Denied Dec. 13, 1927.

(Syllabus.)

1. **Judges—Disqualification for Bias—Insufficient Showing.**

Affidavit for disqualification of trial judge examined, and held insufficient to show bias and prejudice.

2. **Pleading—Dismissal for Failure to Amend Petition.**

Where a plaintiff has repeatedly been granted leave to amend his petition so as to state a cause of action, where none has been stated, and he wholly fails so to do, it is within the power of the court to dismiss the petition for failure to so amend.

Commissioners' Opinion, Division No. 2.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by P. J. Dickerson against W. T. Crozier et al. Judgment for defendant, and plaintiff brings error. Affirmed.

P. J. Dickerson, for plaintiff in error.

Wilson, Murphy & Duncan, for defendants in error.

DIFFENDAFFER, C. This is an action, brought in the district court of Osage county

by the plaintiff, P. J. Dickerson, against W. T. Crozier, individually and officially, as the duly appointed and acting police judge of the city of Pawhuska, and the Globe Indemnity Company, as surety, on his official bond.

The petition was filed on the 13th day of June, 1925, and as originally filed attempted to set out three causes of action, the first being for damages for false arrest and false imprisonment, the basis thereof being that defendant Crozier, on the 11th day of June, 1924, as such police judge, permitted to be filed with him a certain complaint wherein the plaintiff was charged with disturbing the peace; and that defendant thereupon issued a warrant, out of the police court of said city, upon which plaintiff was arrested and brought before defendant Crozier, as such police judge, and 'detained and restrained of his liberty; and that defendant Crozier threatened to place plaintiff in jail, but that he was allowed thereafter, and without being placed in jail, to go on his recognizance until trial; and that upon the trial of said cause, on the 14th day of June, 1924, after the evidence was heard, the city attorney moved a dismissal of prosecution, for the reason it was not sustained by the evidence, and was unfounded and without proper cause.

The second cause of action attempted to be set up was for alleged damages for libel and slander, and was based upon the allegations contained in the complaint so filed before defendant Crozier, and the evidence given before the defendant Crozier, as such police judge, by which the charge of disturbance of the peace contained in the complaint, and in which certain witnesses testified, that plaintiff had on a certain occasion used profane and indecent language to, of, and concerning a certain woman named Goldie Price.

The third cause of action, attempted to be set up in the petition, was based upon the failure of defendant Crozier as such police judge, to properly and efficiently enforce the laws and ordinances of the city of Pawhuska, in that the said defendant Crozier, while acting as police judge, discharged from custody and dismissed certain cases against some six or seven persons against whom plaintiff had caused to be filed complaints, charging such persons with certain offenses against the ordinances of the city of Pawhuska, charging that defendant Crozier, in so doing, had been guilty of partiality and favoritism resulting in a failure to give protection to the plaintiff in his person and property.

The petition as orginally filed contained no allegations whatever as to the defendant Globe Indemnity Company. To this petition defendant Crozier filed a motion to make more definite and certain, and also demurred. The defendant Globe Indemnity Company filed a demurrer, which was sustained; and on the 16th day of September, 1925, plaintiff, by leave of court, filed what he termed an amended and supplemental pleading to his petition, wherein he alleged that defendant bonding company had become the surety on the official bond of defendant Crozier in the amount of $2,000, with conditions and provisions that, if the "said W. T. Crozier shall faithfully and impartially, without fear, favor, fraud or oppression, discharge all other duties now or hereafter required in the office by law, as police judge of the city of Pawhuska, Okla.," etc. To the petition, as thus amended, motion to make more definite and certain was filed; and plaintiff thereafter amended by setting out a complete copy of the bond. The petition was amended a number of times, after demurrer or motion to make more definite and certain had been sustained. None of the amendments, however, contained any additional facts, or attempted to set out any further grounds for recovery against the defendant Crozier, than those contained in the original petition. The petition, as finally amended, was filed on the 15th day of October, 1925, the last amendment being by way of what plaintiff denominated "Second supplementary petition." In this so-called supplementary petition, plaintiff included as additional defendants, the board of city commissioners of the city of Pawhuska and A. N. Murphy, the city attorney of Pawhuska. It does not appear, however, from the case-made, that these additional defendants were ever served with summons. The second supplementary petition had attached thereto, as exhibits, copies of some seven complaints which plaintiff alleged he had filed against different persons in the police court before defendant Crozier, as police judge, all of similar nature. one of which reads as follows:

"City of Pawhuska v. Jack Jenkins.—Before me, W. T. Crozier, police judge, appeared I. J. Dickerson, says on 1st day of June, 1924, one Jack Jenkins unlawfully and wil'fully used abusive language and did threaten to do bodily injury to P. J. Dickerson, which language and threats were calculated to cause a distu·bance of the peace, against Ordinance No. 1030. * * * ;

"P. J. Dickerson. ·

"Sworn to and subscribed before me, this

10th day of June, 1924, Filed 6/24 [Signed,] W. T. Crozier, Police Judge."

It was then alleged that the proceedings against several persons had been dismissed by defendant Crozier, as police judge, and that none of the persons had been convicted or punished in the police court. Following this allegation was a long recital, with many repetitions of the acts of and the things done by these several parties, by which plaintiff claimed he was injured, and damaged, and which constituted the offenses alleged to have been committed by them, for which plaintiff had sought their prosecution in the police court. To this petition and the several supplementary and amended petitions, defendants filed a demurrer and also a motion to dismiss the petition. The motion to dismiss being based upon the ground that the several amended and supplemental petitions failed to state facts sufficient to constitute a cause of action against any of the defendants, and that said petition and supplemental petitions were not subject to amendments, whereby the same may be made to state a cause of action against the defendants.

While this demurrer and motion to dismiss were pending, plaintiff filed an affidavit and request seeking to disqualify the trial judge from further presiding in said cause. The allegations to disqualify the trial judge are, in substance: That plaintiff believes from rumors and opinions expressed by the trial judge, in open court during the progress and pendency of the case, and on account of the fact that plaintiff was informed, and had been advised that there were certain forces and influences at work in the community seeking to overthrow and break down the work of the plaintiff in that community, and on account of certain rumors that affiant alleged to be current in the community that plaintiff was pretending to practice law without being admitted to the bar of Oklahoma, which rumors were false and to which he believed the trial judge had given credence, so prejudiced the trial judge against affiant that he believed he could not have a fair and impartial trial before said judge.

On the 2nd day of November, 1925, the court overruled the motion to disqualify and entered an order dismissing the cause, for the reason that plaintiff had filed a number of amended and supplemental petitions. and the same did not state facts in a clear and concise manner sufficient to advise the court or the defendants of the alleged cause of action, and that the several petitions did not state facts with enough definiteness, clearness, or certainty to enable defendants to plead thereto, and that plaintiff's petition and several amended and supplemental petitions fail to show a cause of action against the defendants, and that the court had therefore sustained demurrers to the several petitions and granted leave to plaintiff to amend petitions, and that plaintiff had wholly failed on every occasion to amend so as to state a cause of action.

From this order dismissing plaintiff's petition, plaintiff brings this appeal.

The petition in error contains several assignments of error, which may be summarized in two propositions: That the trial judge erred in refusing to certify his disqualification, and erred in dismissing plaintiff's petition.

The question involved in the first proposition was before this court in the case of Dickerson v. Worten, 122 Okla. 76, 251 Pac. 52, when the court had before it an affidavit identical in form with the one in the present case. The court in that case said:

"From our synopsis of the affidavit filed, there is nothing set forth which shows that the trial judge is in any way biased against the plaintiff or did not fairly and impartially pass upon plaintiff's pleadings, except that part thereof which refers to the information that the trial judge had been given that he (the plaintiff) was not a practicing attorney."

It appears, however, that in that case the petitioner had not only requested the court to issue a writ of mandamus compelling the trial judge to certify his disqualification, but had coupled therewith a request for an order requiring the trial court to recognize plaintiff as a member of the bar and duly authorized to practice law in the courts of Oklahoma. The court denied the writ of mandamus to compel the trial court to disqualify, and we think the judgment of the court in that case is controlling on the question here, and that no sufficient showing of bias or prejudice is made.

On the second proposition, we think the trial court was correct in holding that the petition, together with the several amendments and supplemental petitions, wholly fails to state a cause of action.

It is a universal rule that judges are not civilly liable for their judicial acts. Alzua v. Johnson, 231 U. S. 106.

Plaintiff concedes this to be the rule as to courts of general jurisdiction, but contends

that the rule does not apply to courts of such inferior or limited jurisdiction as the police courts.

In Waugh v. Dibbens et al., 61 Okla. 221, 160 Pac. 589, this court held:

"An action will not lie, against a judicial officer for a judicial act, where there is jurisdiction of the person and the subject-matter, although it be alleged and proved that such act was done maliciously, or even corruptly.

"The same protection extends to judges of courts of inferior and limited, as well as to those of general jurisdiction; the law exempts all judicial officers alike."

For the reasons stated, we think it is clear, that plaintiff's petition wholly failed to state a cause of action as to his first alleged cause of action.

As to the second cause of action, we think the matters and things complained of as being libelous and slanderous are clearly shown by the pleadings to be privileged communications as defined in section 497, C. O. S. 1921, which provides:

"A privileged publication or communication is one made: First, in any legislative or judicial proceeding, or any other proceeding authorized by law."

The alleged libelous and slanderous matters complained of and shown to have been made and published, were in the proceedings before defendant Crozier, as police judge, and at no other time and at no other place. We, therefore, think the plaintiff's petition and several amendments thereto wholly failed to state a cause of action based on such alleged libelous and slanderous statements or publications.

In the third cause of action, plaintiff seeks to recover damages from the plaintiff for alleged failure to properly enforce the laws and ordinances of the city of Pawhuska, in that he had failed to convict and punish certain persons against whom plaintiff had filed complaints in the police court. In the case of Robinson v. Hale, 68 N. H. 538, 44 Atl. 695, it is said:

"It is a general rule that courts and judges are not liable to civil actions for their judicial acts within the scope of their jurisdiction, and this protection extends to magistrates exercising an inferior and limited jurisdiction, as justices of the peace. For the purpose of securing a fearless and impartial administration of justice, the law exempts all judicial officers, from the highest to the lowest, from civil liability in the performance of their judicial duties within their jurisdiction; and, to guard against an

oppressive abuse of legal authority, makes them liable to impeachment or indictment for official misconduct."

The alleged acts may have been sufficient, if true, to constitute a cause for removal from office, but were not such as could, under the law, become a basis upon which to found an action in damages.

It appearing from the petition, and the several amendments and supplementary petitions, that all of the acts complained of in the third cause of action were done by the defendant Crozier, in the exercise of the judicial functions of his office, and within the scope of the jurisdiction of the police court, it is clear that no cause of action was pleaded or could be pleaded based thereon. The plaintiff having been given leave a number of times to amend his pleadings, so as to state a cause of action, if any he had, against the defendant Crozier, and it appearing that he had wholly failed to so amend his pleadings, we think it was within the power of the court to dismiss the petition for failure to so amend. Section 664, C. O. S. 1921; Cook v. Search, 100 Okla. 45, 226 Pac. 1039; Dickerson v. Worten, 122 Okla. 76, 251 Pac. 52; Sherwin Williams Paint Co. v. Feld Bros. & Co. (Miss.) 103 South. 795; Citizens Ins. Co. of Missouri v. Etchen (Kan.) 207 Pac. 782.

There being no error, the judgment should be affirmed.

BENNETT, HALL, HERR, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 33 C. J. p. 1016, §186. (2) 18 C. J. p. 1188, §104.