**ROURKE, Adm'r, et al. v. BEVIS et al.**

No. 22711. Jan. 29, 1935.

Rehearing Denied Feb. 26, 1935.

Application for Leave to File Second Petition for Rehearing Denied April 9, 1935.

J. D. Chastain and Albert D. Lynn, for plaintiffs in error.

J. H. Everest, Robt. K. Everest, Malcolm W. McKenzie, John H. Halley, and E. E. Gibbens, for defendants in error.

PER CURIAM. This appeal involves two questions: (1) The right to a change of judge, and (2) the right to a continuance of the cause.

The facts are recited in detail in the journal entry of judgment, from which we find that the case was called on the trial docket of the district court of Oklahoma county, Okla., on December 9, 1930, before Judge Lucius Babcock. A verbal motion for a continuance was overruled and an affidavit was then presented, urging the disqualification of Judge Babcock by reason of bias. This was sustained by Judge Babcock, and Judge W. G. Long, an assigned judge, was called to hear further proceedings in the case. A continuance was granted by Judge Long from December 9 until December 11, 1930, to permit the employment of Judge Claude Weaver as additional counsel. The case was not reached by reason of the congestion of the docket until the morning of December 12, 1930. At that time the plaintiff's attorney asked for a further continuance by a motion which does not appear in the record, which was by the court denied. The plaintiffs then filed a verified motion for a change of judge, which appears in the record at page 45, in which the charge is made that Judge Long is biased and prejudiced against the plaintiff, and that he cannot obtain a fair trial before him. The motion recites no facts upon which the bias or prejudice of Judge Long is based. The motion was overruled and the cause proceeded to trial. The plaintiffs alleged possession of the land involved, which consisted of certain lots in Oklahoma City and asked a decree quieting title to the said property in them. The cross-petitioners claimed a prior title and asked a decree quieting title in them as against the plaintiffs. Extended findings of fact and conclusions of law were made by the court which appear in the case-made, in which the court upheld the contentions of the cross-petitioners entering judgment for them on their cross-petition.

The argument is grouped in the brief under the two questions above stated, (1) change of judge, and (2) continuance of the cause. Assignments of error numbered 2, 3, 4 and 5, as shown in the petition in error, are urged and the other assignments are abandoned.

The right of a litigant to a change of

judge is controlled by section 2911, O. S. 1931, where the grounds of disqualification of a trial judge are set out as follows:

"No judge of any court of record shall sit in any cause or proceeding in which he may be interested, or in the result of which he may be interested or when he is related to any party to said cause within the fourth degree of consanguinity or affinity, or in which he has been of counsel for either side, or in which is called in question the validity of any judgment or proceeding in which he was of counsel or interested or the validity of any instrument or paper prepared or signed by him as counsel or attorney, without the consent of the parties to said action entered of record: Provided, that the disqualifications herein imposed shall not exclude the disqualifications at common law."

The disqualifications of judges at common law were limited to matters in which they were interested.

In 33 C. J. at page 991, it is said:

"Under the civil and canon law a judge was disqualified by interest in a cause and this rule was recognized as existing under the common law of England by some of its early commentators but denied by others."

At page 998 we find the following:

"While there are dicta to the effect that at common law a judge may be disqualified on the ground of his bias or prejudice, it is generally held, in the absence of statutory provision, that bias or prejudice on the part of the judge, which is not based on interest, does not disqualify him."

In 15 R. C. L. 530, we find the following:

"At the common law, as now administered in England and in the United States, bias or favor, not the result of interest or relationship, is not supposed to exist."

The cases cited support the quotations just made.

The Constitution of Oklahoma provides in article 2, sec. 6:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation, and right and justice shall be administered without sale, denial, delay or prejudice."

These guaranties of a fair and impartial trial are in the interest of justice and for the protection of the individual from a judge who might seek to force himself upon litigants in spite of his disqualifications. The provision also plans for the alleged dis-

qualification to be specific and to be made in good faith, and not to be used by disgruntled litigants to prevent the trial of cases when set as provided by statute. The necessity of setting forth the facts upon which the disqualification is based has been referred to in several Oklahoma cases.

In the case of Lewis v. Russell (1910) 4 Okla. Cr. 129, 111 P. 818, the rule is stated in the following paragraph of the opinion:

"The facts upon which the claim of prejudice is made must be set out in the application so that the judge and the other side may know what is claimed and upon what the claim is based; and it is not sufficient to set those facts out for the first time in the petition for the writ," citing cases.

In Myers v. Bailey, District Judge (1910) 26 Okla. 133, 109 P. 820, the plaintiff in an original proceeding in the Supreme Court prayed for a writ of mandamus claiming that he did not have to set up the facts upon which he based his disqualification of District Judge Bailey. Mr. Justice Kane for the court said:

"The contention of the plaintiff is that in this state a person charged with an offense against its laws has a constitutional right to be tried before a judge without prejudice, and that, when his affidavit is filed alleging prejudice, he is not bound to comply with the provisions of section 5 of the Act of March 22, 1909 (Sess. Laws 1909, p. 169) by setting up the grounds or facts upon which the claim is made that the judge is disqualified. This same question was before the Criminal Court of Appeals of this state in Ex Parte Hudson, 3 Okla. Cr. 393, 106 P. 540, wherein it was held that 'before the petitioner can invoke the aid of this court, he must comply with the requirements of this act or show cause for his failure to do so.' We have examined the original opinion of Furman, P. J., and the opinion on rehearing by Owen, J., with great care, and are satisfied that the conclusion reached by that court is well sustained by reason and authority."

In civil cases discretion is allowed the trial court to determine the sufficiency of the application for change of judge on account of alleged bias. In State ex rel. v. Brown (1909) 24 Okla. 433, 103 P. 762, Mr. Justice Williams, speaking for the court, says:

"A different construction, however, seems to have been placed upon section 4256, supra, relating to judges, in the trial of civil cases. In the case of Horton v. Haines, recently decided by this court, 23 Okla. 878, 102 P.

121, it is held that said section 4256 relating to change of venue, is not imperative or mandatory, and does not require the granting of a change of venue upon any showing made therefor, but that the court is vested with a sound discretion upon the showing made by the applicant to grant or refuse the same, and that on appeal, unless it appears to this court that there has been an abuse of such discretion by the lower court, its action will not be disturbed. In that case an application was made for a change of judge on the ground that the trial judge was biased and prejudiced against the applicant, and for that reason he could not obtain a fair and impartial trial before him. This court held that on the record disclosed it did not appear that the trial court had abused its discretion in overruling the application for a change of judge. See, also, Maharry v. Maharry, 5 Okla. 371, 47 P. 1051; Richardson v. Augustine, 5 Okla. 667, 49 P. 930."

See, also, Williams v. Williams (1926) 120 Okla. 12, 249 P. 920; Dickerson v. Worten (1926) 122 Okla. 76, 251 P. 52; Dickerson v. Crozier (1927) 128 Okla. 162, 261 P. 545.

Now let us consider the record in this case, and see if the same meets the requirements of the cases and principles above cited. There is no evidence in the case-made and no statement showing any was offered in support of the motion, which is in the following words:

"Motion for change of Judges."

"S. A. Rourke, being sworn says, said administrator is now dead, and that affiant has been substituted and has succeeded as administrator of said estate, and that he verily believes that Judge Long, before whom this case has been assigned, is so biased and prejudiced against him and in this case that he cannot have a fair and impartial trial of said cause herein.

"S. A. Rourke." (C.-M. p. 45.)

No facts appear in the motion upon which the alleged disqualification may be based. We think it must be said that the motion and the record are not sufficient to comply with the statute quoted (Sess. Laws 1909, ch. 14, p. 167, art. 1; Rev. Laws 1910, sec. 5812; C. O. S. 1921, sec. 2629; O. S. 1931, sec. 2911). A similar situation is commented on by Mr. Justice Day in the case of McGuire v. Blount (1905) 199 U. S. 146, 50 L. Ed. 125, in the following quotation:

"While the courts cannot too carefully guard against any attempt of an interested judge to force himself upon litigating parties, and should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for the determination of his rights, we find in this record nothing establishing, or offering to establish, in any legitimate way, the disqualification relied upon because of a pecuniary interest in the controversy resulting from his wife's alleged ownership of a part of the land in question."

So in this case we find that there is no showing made which suggests the disqualification of Judge Long. In view of the same charge having been made against Judge Babcock when the case was first called, it seems that the plaintiff was hardly in good faith in making the charge, especially when no attempt is shown in the case-made to support the charge against either judge with facts. In Ex parte American Steel Barrel Co. (1912) 230 U. S. 35, 57 L. Ed. 1379, p. 1383, Mr. Justice Lurton said:

"The basis of the disqualification is that 'personal bias or prejudice' exists, by reason of which the judge is unable to impartially exercise his functions in the particular case. It is a provision obviously not applicable save in those rare instances in which the affiant is able to state facts which tend to show not merely adverse rulings already made, which may be right or wrong, but facts and reasons which tend to show personal bias or prejudice."

We think plaintiff failed to show himself entitled to a change of judge under the statute, and that the ruling of the trial court was correct.

With reference to the alleged error of the trial court in refusing plaintiff in error a continuance, we state that there are no facts in the record to support this contention. No copy of any motion for a continuance is found in the record. The case-made at pages 52 and 53, in the journal entry of judgment, refers to three motions for a continuance, one of which was granted continuing the cause from December 9th until December 11th. The others do not appear, and we are at loss to know what the grounds were, and of course cannot say that they were or were not sufficient in this state of the record. We assume that they were not seriously considered, as the failure to grant the continuance was not specially set out in the motion for a new trial. We therefore do not pass upon this question. The presumption is that the trial court properly overruled said motions.

We cannot seriously consider the portion of plaintiff in error's brief which refers to the condition existing in Oklahoma county where the trial judge is not known prior to the date of trial. This is a condition with

which this court has nothing to do, and should be brought to the attention of the Legislature if serious injury is being suffered by the litigants in Oklahoma county and other counties similarly situated.

This appeal might have been dismissed as frivolous. It does not impress the court as having been made in good faith. In spite of this, we have carefully considered the record and the points urged in the brief of the plaintiff in error and find them without merit.

The judgment of the lower court should be affirmed.

The Supreme Court acknowledges the aid of Attorneys R. J. Roberts, Alfred Stevenson, and Charles W. Orr in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Roberts, and approved by Mr. Stevenson and Mr. Orr, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.