## PECK v. McCLELLAND.

No. 7950—Opinion Filed May 18, 1917.

(166 Pac. 78.)

1. **Appeal and Error—Case-Made—Extension of Time.**

Where the time for making a case-made expired June 21st, trial court has jurisdiction on June 20th to grant an extension of time to commence on June 22d, the day subsequent to the expiration of the original time fixed.

2. **New Trial—Right to—Fault.**

It is a condition precedent to entitle the complaining party to be granted a new trial under subdivision 9, sec. 5033, Rev. Laws Okla. 1910, that the complaining party is without fault as to the cause or causes rendering it impossible to make a case-made, and when the impossibility of making a case-made is due to lost papers, which cannot be found, and such lost papers can be, and are not substituted, the complaining party is not without fault and is not entitled to a new trial.

3. **Same.**

Where the complaining party is without fault, as to the loss of papers, which are necessary to the making of a case-made, and there is evidence that said lost papers cannot be substituted, or their loss otherwise supplied, the complaining party, if petition be timely filed, is entitled to a new trial.

(Syllabus by Collier, C.)

Error from County Court, Blaine County; Ed. Baker, Judge.

Action by Mac McClelland, administrator of estate of Elizabeth Miller, deceased, against S. E. Peck. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

Foose & Brown, for plaintiff in error.

W. O. Woolman and E. H. Lookabaugh, for defendant in error.

Opinion by COLLIER, C. An action in replevin was instituted by the defendant in error against the plaintiff in error, and resulted in a verdict and judgment against the

plaintiff in error. Within statutory time the plaintiff in error filed his motion for new trial which was overruled, and excepted to, and time given in which to make and serve case-made. Thereafter and within the time provided by law, the plaintiff in error filed his petition in said court, praying that he be granted a new trial in said cause in which judgment had been rendered against him, on account that, without fault on his part, it was impossible to make a case-made in said cause, same was tried by the court, and said court refused to grant a new trial, to which the plaintiff in error duly excepted, and perfected an appeal to this court to reverse said judgment. Hereafter the parties will be designated as they were in the trial court.

There are several specifications of error, but in fact there is but one question involved in said specifications, and that is that the court erred in refusing to grant the defendant a new trial on the ground, "that without fault on his part it was impossible to make a case-made."

The evidence on the trial of the case for new trial on account of the impossibility to make a case-made is uncontradicted, and clearly shows that the file had been lost in said case, and after diligent search could not be found; that included in said file were exhibits material to the issues involved in said original cause. It is further shown by the evidence that the office copies had not been kept, and that it would be impossible to substitute the papers, especially the exhibits.

It is first urged by the plaintiff that the court was without jurisdiction to make the second extension of time to make and serve the case-made upon the ground—

"that the extension was made on the 22d day of June, 1914, when the prior time given expired on the 21st day of June, and therefore, if the papers had not been lost, and case-made duly settled and signed, such case-made would have been a nullity."

The record discloses the fact that the order granting the second extension of time was made on the 20th day of June, 1914, prior to the expiration of the prior time given, and the order granting the extension shows that the time of granting said extension was from the 20th day of June, 1914, and also states that said extension was from the 22d day of June, 1914. In other words, said order of the second extension was ambiguous, but this ambiguity does not affect the jurisdiction of the court to make the second extension, which it did, and whether or not the extension was granted from the 22d day of June, 1914, or from June 20, 1914, is immaterial. Therefore the contention of the plaintiff that the court lost jurisdiction, and

that a case-made settled and signed under said extension would be a nullity, and does not give this court jurisdiction to review the case, is without the slightest merit.

Section 5033, Revised Laws of Oklahoma, 1910, provides when new trials may be granted, and subdivision 9 of said section reads:

"When, without fault of complaining party, it becomes impossible to make case-made."

We are of the opinion, and so hold, under the uncontradicted evidence in this case as to the loss of the file containing the pleadings and exhibits in said case, that it became impossible to make a case-made, and this entitled the defendant to a new trial unless the impossibility to make a case-made was due to the fault of the complaining party. It is a condition precedent to entitle the complaining party to be granted a new trial under said subdivision 9 of said section 5033, Revised Laws of Okla. 1910, that the complaining party is without fault as to the cause or causes rendering it impossible to make a case-made, and when the impossibility of making a case-made is due to lost papers, which cannot be found, and such lost papers can be, and are not substituted, the complaining party is not without fault, and is not entitled to a new trial. Proof alone that the complaining party was free from fault as to the loss and inability to find the lost papers that were necessary to be had in order to make a case-made does not meet the requirements of the law "that the complaining party, to be entitled to a new trial must be free from fault," but in addition it must be shown, as in the instant case, that the lost papers could not be substituted. In short, that the complainant is not at fault as to the loss and failure to find the required papers is not alone sufficient to show that the complaining party is not without fault, but coupled therewith must be evidence as to the inability of the complaining party to supply such loss by substitution or otherwise. We are of the opinion, and so hold, that under the uncontradicted evidence in this cause it became impossible to make a case-made, and this entitled the defendant to a new trial, unless the impossibility to make a case-made was due to the fault of the complaining party. We think, and so hold, that the evidence in this case shows that the defendant was not at fault. In the case of Elliott v. State, 5 Okla. Cr. page 63, 113 Pac. 213, the Criminal Court of Appeals held the following to be the law:

"Where the record or portion of the record material to the trial of the cause is lost through no fault of their appellant, the trial court should grant a new trial upon proper

showing, upon the same ground as the law providing for a new trial upon newly discovered evidence."

We are of the opinion, and so hold, that the trial court committed reversible error in refusing to grant the defendant a new trial.

The case is reversed and remanded, with directions to the trial court to grant the defendant a new trial.

By the Court: It is so ordered.