### HARRY v. ABRAHAM et al.

No. 14495—Opinion Filed Nov. 6, 1923.

(Syllabus.)

**New Trial—Impossibility of Case-Made — Showings Necessary.**

Where a party asks for a new trial under subdivision 9, section 5033, Rev. Laws 1910, because it is impossible to make a case-made due to lost papers, such party must not only show that the lost papers cannot be found, but that they cannot be substituted, and where such proof is not made, the party is not entitled to a new trial.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action between Frazier Harry and Joe Abraham and others. Judgment for the latter, and petition of Harry for new trial denied, and he brings error. Affirmed

J. P. Evers, F. F. Nelson, G. Arthur Holloway, W. C. Hall, and George C. Crump, for plaintiff in error.

Albertson & Blakemore, Wm. L. Cheatham, and McDougal, Lytle, Allen & Pryor, for defendants in error.

COCHRAN, J. Plaintiff in error filed a petition for a new trial on the ground that it was impossible for the plaintiff in error to make a case-made for appeal to the Supreme Court from a judgment rendered against him in favor of the defendants in error. The defendants in error filed a response, and the matter came on for trial and judgment was rendered denying the plaintiff in error a new trial, from which judgment the plaintiff in error has appealed.

It was the contention of the plaintiff in error that it was impossible to make a case-made because the court files in the case were not in the court clerk's office, and that he had made a diligent search for the court files and had not been able to find them. The petition of the plaintiff in error did not allege, and the proof offered by him at the trial did not show, that the lost papers could not be substituted or that the plaintiff in error had made any effort to substitute for the lost court files. The testimony of the defendants in error was that the complete files could have been substituted from the office files of the attorneys for the defendants in error.

We are of the opinion that the evidence shows that the court files had been misplaced and that the attorneys for the plaintiff in error made a diligent search to locate the same, but the evidence fails to show that any diligence whatever was used to substitute for the lost files, and, in these circumstances, the trial court very properly overruled the petition for a new trial. Section 572, Comp. Stat. 1921, in the 9th subdivision, provides that a new trial may be granted "when, without fault of complaining party, it becomes impossible to make case-made." In Peck v. McClelland, 65 Okla. 116, 166 Pac. 78, the 2nd paragraph of the syllabus is as follows:

"It is a condition precedent to entitle the complaining party to be granted a new trial under subdivision 9, sec. 5033, Rev. Laws Okla. 1910, that the complaining party is without fault as to the cause or causes rendering it impossible to make a case-made, and when the impossibility of making a case-made is due to lost papers, which cannot be found, and such lost papers can be, and are not, substituted, the complaining party is not without fault, and is not entitled to a new trial."

Inasmuch as it appears from the testimony that the lost records could have been substituted, and that the complaining party made no effort to substitute the same, we are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.