p. 1351; 5 R. C. L. Supp. p. 1096. (3) 22 C. J. p. 449 §535; 10 R. C. L. p. 987; 2 R. C. L. Supp. p. 1126. (4) 23 C. J. p. 49 §1729, 2 R. C. L. Supp. p. 1134; 4 R. C. L. Supp. p. 685; 5 R. C. L. Supp. 581. (5) 17 C. J. p. 1088 §397; 8 R. C. L. p. 675; 2 R. C. L. Supp. p. 638; 5 R. C. L. Supp. p. 480. (6) 17 C. J. p. 1095 §408; anno. L. R. A. 1915F, 30; 4 R. C. L. Supp. p. 567; 5 R. C. L. Supp. p. 480.

---

## WHITLING v. PARSHALL.

No. 16656—Opinion Filed June 22, 1926.

Rehearing Denied Nov. 23, 1926.

**1. Appeal and Error—Discretion of Lower Court—New Trial on Grounds of Impossibility to Perfect Case-Made.**

A motion for new trial, based upon the ground that it has become impossible for the complaining party to make and serve a case-made, is addressed to the sound discretion of the trial court. The ruling of the court thereon will not be reversed unless it is made to appear that there was a clear abuse of discretion in denying the motion for new trial.

**2. Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the defendant in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Petition by Roy Whitling to set aside judgment in favor of W. F. Parshall and to be granted new trial on the ground of the impossibility to make and serve case-made. Judgment against petitioner, and he brings error. Affirmed.

Wellington L. Merwine, for plaintiff in error.

Roy L. Wilkinson, for defendant in error.

Opinion by STEPHENSON, C. W. F. Parshall commenced his action for debt against Roy Whitling. Summons was served on the latter June 14, 1923. The defendant filed a general demurrer to the petition on July 10, 1923, which was overruled on September 17th. The defendant was given 15 days to plead, or 20 days to answer. The plaintiff's attorney advised the attorney for the defendant on October 29, 1923, that he was in default, and that unless he further pleaded in the matter before November 5th, default judgment would be taken. Judgment was entered against the defendant by default on the latter date. On December 17th, the defendant filed a motion to vacate the default judgment, which was overruled February 26, 1924. The defendant was allowed 90 days in which to make and serve case-made on appeal. The attorney for defendant resided in Okmulgee, and it appears that he requested the court reporter to make case-made. The attorney for defendant also requested the court reporter to secure such extensions of time as were necessary to enable him to prepare case-made for service. It appears that some of the records were misplaced and the reporter did not prepare the case-made within the 90 days, and also failed to secure the extension for making and serving case-made. On September 20, 1924, the defendant filed motion for new trial, pursuant to paragraph 9 of section 572, C. O. S. 1921. As a ground for the new trial, the defendant set forth that it had become impossible to make and serve case-made on appeal, without the fault of the complaining party. On October 30, 1924, the defendant filed amended petition, in which he set forth that he was prevented from perfecting the appeal because the files in the cause were lost and could not be found by the court reporter. The petition did not state that the files could not have been substituted by the defendant. On February 7, 1925, the amended petition was overruled, and the defendant perfected his appeal from the order denying motion for new trial on the amended petition.

We think the facts as recited deny the plaintiff in error the benefit of paragraph 9 of section 572, supra, according to the construction which has been placed on the statute heretofore.

It was said by this court in the case of Kennedy et al. v. Martin, 101 Okla. 87, 223 Pac. 652:

"This case presents a plea that should appeal very strongly to the trial court, but this court can only review the question of whether the trial court abused its discretion, and, unless there is some statutory ground for vacating the judgment, or the party has been misled by the opposing side, the court, or clerk, the application is addressed to the conscience of the trial court and not this court. See M., K. & T. R. Co. v. Ellis, 53 Okla. 264, 156 Pac 226; L. R. A. 1916 E, 100: Western Coal & Mining Co. v. Green, 64 Okla. 53, 166 Pac. 154; Pulaski Oil Co. v. Conner, 62 Okla. 211, 162 Pac. 464, L. R. A. 1917C, 1190."

It was said by this court in the case of Harry v. Abraham, 96 Okla. 62, 220 Pac. 336:

"Where a party asks for a new trial under subdivision 9, section 5033, Rev. Laws 1910, because it is impossible to make a case-made due to lost papers, such party must not only show that the lost papers cannot be found, but that they cannot be substituted, and where such proof is not made the party is not entitled to a new trial."

Other cases in point are: Peck v. McClelland, 65 Okla. 116, 166 Pac. 78; Cherry v. Brown, 79 Okla. 215, 192 Pac. 227; Laclede Oil Co. v. Miller, 69 Okla. 242, 172 Pac. 84.

It is the contention of the attorney for plaintiff in error that, on account of press of work in other courts. he overlooked the case in Creek county. It does not appear. according to the prior decisions of this court, that such showing would have entitled the plaintiff in error to have had the judgment by default set aside in the first instance. Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421; Board of County Com'rs of Oklahoma County v. Barber Asphalt Co., 83 Okla. 54. 200 Pac. 990.

It appears that the attorney for the plaintiff in error relied on the court reporter to secure the necessary extension of time in which to serve case-made. Any default of the court reporter in this respect would not be grounds for the plaintiff in error to have the judgment set aside, under the provision of section 572, supra.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 830 §2813; 29 Cyc. p. 875 (Anno). (2) 29 Cyc. p. 875 (Anno).