## LENA et al. v. CLINKENBEARD.

No. 25030.    Sept. 17, 1935.

D. H. Linebaugh, H. H. Edwards, and Tom C. Greer, for plaintiffs in error.

Cornelius Hardy and John T. Cooper, for defendant in error.

PER CURIAM. In this case, the defendant in error, L. O. Clinkenbeard, plaintiff below, brought a suit against the plaintiffs

in error, Martha Lena and Lillie Lena, defendants below, for damage alleged to have been sustained in an automobile accident as a result of the negligence of Lillie Lena, who was alleged to be a servant of Martha Lena at the time of the accident.

On May 25, 1932, the jury returned a verdict against plaintiffs in error, in the superior court of Seminole county, and motion for new trial was overruled July 9, 1932, exceptions were saved and judgment was then rendered against plaintiffs in error, whereupon they gave notice of appeal and were allowed 90 days to make and serve case-made. On October 6, 1932, the court reporter obtained an order extending the time in which to make and serve case-made for 60 days, and on December 6, 1932, obtained an order extending the time to make and serve case-made 30 days, up to and including January 5, 1933, the plaintiff to have five days thereafter to suggest amendments, the same to be signed and settled upon five days' notice. This is the last order of extension in the case.

The case-made was received by counsel for plaintiffs in error on December 28, 1932, the same was served on defendant in error's counsel on December 28, 1932, and on January 2, 1933, notice was served on defendant in error's counsel that the case-made would be presented to the trial judge for settling and signing on January 7, 1933, and defendant in error's counsel filed written objections to the settling and signing of the case-made on January 7, 1933, for the reason that defendant in error had five days from January 5, 1933, within which to suggest amendments, and that the settling of the case-made on January 7, 1933, would be premature and void. The trial court sustained the objections and refused to sign and settle the case-made. The plaintiffs in error, on the 7th day of January, 1933, filed their petition for a new trial under subdivision 9, section 398, O. S. 1931, which provides that a new trial may be granted where, without fault of the complaining party, it becomes impossible to make, serve, and settle case-made within time to lodge an appeal in the Supreme Court. The petition was denied by the trial court and appeal was taken to this court.

Plaintiffs in error claim that, without fault on their part, it became impossible to perfect an appeal to the Supreme Court within the time prescribed by statute, because of the court reporter's delay in preparing case-made. The plaintiffs in error claim that they ordered the record transcribed immediately following the motion for new trial, and the court reporter claims that the record was not ordered until sometime during the month of October, after the second extension of time, and when he was busy in the trial of other cases, and in the preparation of other case-mades, and that, furthermore the plaintiffs in error did not make a deposit for his fees, although often requested so to do.

Regardless of the delay experienced in preparing the case-made, the record discloses that the case-made was delivered to counsel for plaintiffs in error on December 28, 1932, eight days before the expiration of the time given in the last order of extension for making and serving case-made. The last order of extension was dated December 6, 1932, and granted 30 days' additional time to make and serve case-made, five days to suggest amendments, to be settled on five days' notice. This order, unless modified, extended the time for settling beyond the six months' period for perfecting an appeal, and was irregular, but not void, since the order required that the case-made be served within six months. Citizens State Bank v. Cressler, 69 Okla. 68, 170 P. 230; Courtney v. Moore et al., 51 Okla. 628, 151 P. 1178.

Plaintiffs in error, on receiving the case-made December 28, 1932, should have then immediately proceeded under section 538, O. S. 1931, to apply to the trial court for an order modifying and shortening the time for making and serving case-made, giving the statutory time for suggesting amendments, and notice of settling same, so as to have enabled the case to be settled within the time prescribed by statute for commencing a procedure in error in the Supreme Court.

In the case of Citizens State Bank v. Cressler, supra, the 5th syllabus paragraph of the court is as follows:

"Where an order does not extend the time more than six months from date of judgment for making and serving case-made, and before the time given in the last order expires, the trial court has authority to so modify the order previously made, shortening the time already granted, so as to enable the case to be settled in time prescribed by statute to be filed in the Supreme Court."

Counsel for plaintiffs in error, upon receipt of the case-made, immediately served the same on counsel for defendant in error, and on January 2, 1933, served notice that the case-made would be presented to the trial judge for settling and signing on January 7, 1933 which was prior to the expiration of the time granted the defendant in error to suggest amendments thereto. This court has held that:

"The time within which to suggest amendments begins to run, not from the date of service of the case-made, but from the expiration of the time allowed within which to make and serve the same." Bradfield v. Black, 143 Okla. 185, 287 P. 1026; Cummings v. Tate, 47 Okla. 54, 147 P. 304.

No facts are shown which precluded plaintiffs in error having the last order of extension modified by shortening the time already granted, so as to have the case settled in the time prescribed by the statute to be filed in the Supreme Court. The plaintiffs in error, not having shown such facts, and having actually received the case-made in time to perfect the appeal, are not entitled to a new trial under subdivision 9, section 398, O. S. 1931.

The record discloses that the counsel for plaintiffs in error relied upon the court reporter to obtain the extensions of time within which to serve case-made, and that the court reporter did obtain such orders, including the last order of December 6, 1932, which extended the time for settling the case-made beyond the six months' period for perfecting an appeal in the Supreme Court; the plaintiffs in error cannot be excused for this erroneous order, for it was the duty of the plaintiffs in error, and not the court reporter, to secure the necessary extensions of time within which to serve, sign and settle case-made, and any default of the court reporter in this respect would not be grounds to have the judgment set aside under the provisions of subdivision 9, section 398, O. S. 1931. Whitling v. Parshall, 120 Okla. 121, 252 P. 395.

Plaintiffs in error fail to show that they exhausted all reasonable means and efforts which they might have employed to perfect an appeal, and that the perfecting of the appeal was neither impractical nor impossible, but that such failure arose from the lack of diligence and attention by counsel for plaintiffs in error.

The action of the trial court in denying a new trial was proper, and the order of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys R. P. Colley, J. B. Coppedge, and John E. Curran in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Colley and approved by Mr. Coppedge and Mr. Curran, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.