## SMOOT v. MULLINS.

No. 27808.   Jan. 11, 1938.

T. L. Turner, for plaintiff in error.

R. N. Linville and J. M. Bishop, for defendant in error.

RILEY, J.  Plaintiff in error, W. T. Smoot, filed in the district court of Beckham county an action to foreclose a mortgage which was tried to a jury resulting in a verdict for defendant. Motion for a new trial was filed, overruled on the 21st day of June, 1935, and an order was entered providing "* * * that the time in which the plaintiff shall make and serve a case-made be extended 60 days in which to make and serve a case-made, * * * that defendant have ten days to suggest amendments and that either party could settle case-made on five days' notice. On August 12, 1935, and October 17, 1935, the court reporter secured a second and third extension of 60 days each "in addition to all time heretofore allowed." The last order granted five days for suggestion of amendments, and provided for settlement on five days' notice by either party.

The case-made was not prepared by the court reporter and plaintiff was unable to file his appeal within six months.

Plaintiff filed a petition for a new trial alleging that the court reporter, Mr. King, had agreed to prepare the case-made, but had not done so because he had more work than he could do. Plaintiff, his attorney, Mr. Turner, and Mr. King were the only witnesses.

Mr. Smoot testified that he saw Mr. King at district court in September, 1935, and told him he wanted the case-made; Mr.

King estimated the cost at $135, and demanded a deposit. Smoot informed Mr. King he had a note for collection, signed by him, payable to I. C. Thurmond, plaintiff's business associate, and desired to credit cost of case-made on this; Mr. King refused, but agreed to let one-half cost of case-made be applied on the note, which was done; later Mr. King stated he had not prepared case-made, but would do so, and that he, plaintiff, relied upon this statement.

Mr. Turner testified that after motion for new trial was overruled he asked King to prepare case-made and the latter requested a deposit of about one-half the cost; he was present later when Mr. King agreed to let one-half cost of case-made apply on note; during November term of court King told him he had not prepared case-made, but would have it prepared in time for filing; about 15 or 20 days before time was up for filing appeal witness called King at Clinton from Cheyenne, and that the latter stated he would endeavor to get case-made in time.

Mr. King testified that in the first conversation he estimated cost at $135, and requested a substantial deposit; he later agreed to let one-half cost of case-made if prepared be applied on note; he did not request a deposit other than in the first conversation; he had not received a deposit; no arrangements were ever made for a case-made, and he had never told plaintiff or his attorney that he would prepare it; and that he obtained all the extensions of time except the first.

Petition for a new trial was denied and plaintiff appeals, contending he is entitled to a new trial under subdivision 9, section 398, O. S. 1931, because without his fault, it was "impossible to make case-made."

A party seeking an appeal to this court has a right to rely upon the court reporter furnishing a case-made and is not negligent in so doing. However, appellant must make arrangements with the court reporter without delay for transcribing his shorthand notes by requesting him to make up the record and depositing the required fee for this purpose. * * *" Cherry v. Brown, 79 Okla. 215, 192 P. 227.

In Bankard v. Gibson, 109 Okla. 124, 233 P. 1069, a case similar in several respects, it was stated: "The test is * * * whether, 'without fault of the complaining party, it becomes impossible to make a case-made.' " Was the plaintiff blameless in the chain of facts and circumstances leading up to the expiration of the six-months period within which the appeal must be filed in the Supreme Court?

The six months within which an appeal could be filed in the Supreme Court expired December 21, 1935. The second and third orders extended the time 120 days beyond the 75 days provided in the first order, or until January 2, 1936, with five days thereafter for suggestion of amendments to case-made, the same to be settled on five days' notice by either party.

Under the rule announced in Staner v. McGrath, 174 Okla. 454, 51 P. (2d) 795, the last order was voidable in so far as it purported to authorize taking necessary steps to perfect an appeal after expiration of six months and was subject to correction prior to expiration of statutory period.

There is no evidence that plaintiff sought extensions of time as is his duty (Lena v. Clinkenbeard, 173 Okla. 495, 49 P. (2d) 109), or to make inquiry concerning same, but permitted the court reporter to secure them. He did not seek to correct the last voidable extension, and under the attorney's testimony a telephone call to the reporter was made "15 or 20 days before the time was up for filing the case in the Supreme Court." Obviously this had reference to the expiration of the date indicated by the last extension order, otherwise this erroneous order would have been corrected to bring the settling and signing date within the six months. The evidence does not disclose that subsequent to the above telephone call any further inquiry was made by plaintiff or his attorney concerning the completion and delivery of the case-made by the reporter.

A petition for a new trial based upon the ground that it became impossible for the complaining party to make and serve a case-made is addressed to the sound discretion of the trial court, and in the absence of a showing of a clear abuse thereof, the ruling will not be reversed. R. & R. Motor Co. v. Kings, Inc., 169 Okla. 231, 36 P. (2d) 900. Under the evidence it appears that both the plaintiff and the reporter were at fault. The statute requires the complaining party be "without fault."

In Jones v. Duncan, 168 Okla. 598, 35 P. (2d) 451, it was stated:

"Party seeking new trial on ground of impossibility of making case-made must affirmatively show that he was unavoidably prevented, without his fault, from preparing and serving case-made, and that he exhausted all reasonable means."

Under the record and the above author-

ities, it cannot be said that there was a clear abuse of discretion on the part of the trial court. Judgment affirmed.

BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur.