## SABIN et al. v. LEVORSEN.

No. 28471.   Jan. 10, 1939.

Rehearing Denied Feb. 14, 1939.

J. J. Henderson, for plaintiffs in error.

Ramsey, Martin & Logan and Tom Finney, for defendant in error.

PER CURIAM. This appeal seeks the reversal of an order of the district court of Tulsa county which denied a petition for new trial in said court. The sole question presented for determination is whether without fault of the plaintiffs in error it became impossible for them to make and serve a case-made. The essential facts as shown by the record will be briefly stated. On May 20, 1936, the defendant in error, hereafter referred to as plaintiff, commenced an action in the district court of Tulsa county against the plaintiffs in error, hereafter referred to as defendants, to recover on an indebtedness evidenced by promissory note and to foreclose a real estate mortgage securing said indebtedness. Trial was had to a jury, who on December 18, 1936, returned a directed verdict in favor of plaintiff. Motion for new trial was overruled on January 16, 1937, and defendants gave notice of intention to appeal said cause to this court. The time within which to prepare and serve case-made was enlarged for a period of 30 days by the trial court. The defendants paid the court reporter the sum of $13 to apply, as they say, upon his fee for the preparation of the case-made and, as he says, for the preparation of a transcript on appeal. The court reporter obtained four additional extensions of time in which to prepare the

record on appeal; the last extension so obtained expired on June 15, 1937. On June 20, 1937, the defendants called the court reporter and informed him that they were then ready to pay him the balance due on his fee and that they desired to obtain the record so that they might prosecute their appeal. Defendants were then notified by the court reporter that the last extension of time in which to prepare and serve case-made had expired. The case-made or transcript could have been completed within not to exceed two days' time and the defendants would have been able to have such case-made or transcript served, settled, signed, and filed in this court within the statutory period had a further extension of time been obtained prior to June 15, 1937. The defendants did nothing further until July 15, 1937, at which time they filed a motion to vacate the prior judgment on account of alleged inability to prepare and serve case-made. This motion, as well as an amended motion to the same effect, was withdrawn and a petition filed in lieu thereof. In this petition the defendants alleged, in substance, that they had employed the court reporter to prepare a case-made on appeal and to protect them by obtaining all necessary extensions of time in which to serve such case-made and to have it settled and signed. The evidence relative to whether the court reporter had agreed to obtain necessary extensions of time was conflicting. The trial court was convinced that it did not become impossible to make case-made without fault of the defendants and denied the petition. We are of the opinion that the trial court proceeded properly in so doing. The purpose of subdivision 9, section 398, O. S. 1931, 12 Okla. St. Ann. sec. 651, subdivision 9, is to give a party who desires to appeal to this court a new trial when through no fault of his own it becomes impossible to make case-made.

"If the court reporter fails, refuses, or neglects to furnish a party a transcript of his stenographic notes of the evidence and proceedings, such party, being without fault in respect thereto, is presumptively entitled to a new trial under the ninth subdivision of section 5033, Rev. Laws 1910, authorizing the trial court to grant a new trial 'when, without fault of complaining party it becomes impossible to make case-made'." Cherry v. Brown, 79 Okla. 215, 192 P. 227, 13 A. L. R. 92.

However, this does not shift the responsibility of procuring necessary extensions of time in which to make and serve such case-made. This responsibility at all times rests upon the party who seeks the appeal. Lena

v. Clinkenbeard, 173 Okla. 495, 49 P.2d 109. Under the evidence of the defendants, neither they nor their attorneys made any effort to procure any extension of time, but delegated this duty to the court reporter and apparently made no effort to see whether such duty had been performed until after the last extension of time procured by the reporter had expired. As said in the case of Jones v. Duncan, 168 Okla. 598, 35 P.2d 451:

"It is the duty of the party seeking a new trial under the provisions of subdivision 9 of section 398, O. S. 1931, to affirmatively show that he is unavoidably prevented, without fault on his part, from preparing and serving case-made, and such law contemplates that such party must exhaust all reasonable means and methods which he might have employed to prepare, serve, settle and sign the same, before he becomes entitled to a new trial under the provisions thereof."

In this connection, see, also, Smoot v. Mullins, 181 Okla. 505, 75 P.2d 179; Hargrave v. Greer, 182 Okla. 608, 79 P.2d 221; City of Ada v. Chambless, 183 Okla. 58, 79 P.2d 1018; Bankard v. Gibson, 109 Okla. 124, 233 P. 1069. The record shows that the defendants failed to discharge the burden which rested upon them and that the order of the trial court is correct in every particular.

Affirmed.

OSBORN, C. J., and WELCH, GIBSON, HURST, and DANNER, JJ., concur. BAYLESS, V. C. J., and RILEY, CORN, and DAVISON, JJ., absent.