SABIN et al. v. LEVORSEN.

No. 29126. March 2, 1943.

Rehearing Denied May 18, 1943.

Application for Leave to File Second Petition for Rehearing Denied June 8, 1943.

*145 P. 2d 402.*

Kathryn Van Leuven, of Oklahoma City, for plaintiffs in error.

Ramsey, Martin & Logan and Tom Finney, all of Tulsa, for defendant in error.

ARNOLD, J. Milton Roe Sabin and Bertha Florence Sabin brought this action against A. I. Levorsen in the district court of Tulsa county to cancel and set aside a judgment foreclosing a mortgage on real estate and the sales proceedings thereunder. The court sustained a demurrer to the petition. An amended petition was filed and the defendant moved to strike it. The court sustained the motion to strike the amended petition and refused to permit the plaintiffs to amend further. The plaintiffs appealed from the order sustaining the motion to strike.

The plaintiffs alleged in substance that on July 26, 1926, they executed a note in the amount of $8,000, and secured same by a mortgage covering the property involved in this action in favor of Alva J. Niles; that the last interest payment was made thereon on March 31, 1930; that on the 31st day of March, 1935, the period of limitations had run; that on the 13th day of May, 1935, and after the statute of limitations had run, the said Alva J. Niles, by artifice and fraud, procured written acknowledgment of the debt and a request for an extension of time of payment from them and that he indorsed thereon time of payment extended to December 1, 1935; that on the 15th day of July, 1935, the said Alva J. Niles assigned the note and mortgage to the defendant, A. I. Levorsen; that thereafter the defendant Levorsen filed an action against the plaintiffs herein to foreclose said mortgage, and on the 18th day of December, 1936, obtained a judgment for the balance due, together with interest, taxes paid, and the costs, and an order for the sale of the property; that the plaintiffs herein attempted to perfect an appeal to this court but failed by reason of the acts of Levorsen, his attorneys, and the court reporter; that thereafter they filed a petition to grant a new trial; that same was denied by the court and on appeal this court affirmed the judgment denying a new trial; that said foreclosure judgment is void on its face for the reason that the defendant herein failed to allege in his

petition that the mortgage tax had been paid on the mortgage after date of maturity, April 1, 1929, or on the extension agreement, or on the assignment thereof; that the mortgage shows that the mortgage tax was only paid for the term thereof; that the extension agreement and assignment of the mortgage show that the mortgage tax was not paid; that it was provided in the mortgage that the plaintiffs herein should pay the mortgage tax; that they were required to pay same and that it had not been refunded to them; that the law of this state requires the mortgagee to pay the mortgage tax and the mortgage was, therefore, void because against public policy; that since the defendant purchased said mortgage after maturity, he was not an innocent purchaser for value; that since there was no competent evidence upon which to base the foreclosure judgment and since by statute the court could not render a judgment based on a mortgage, extension agreement, or assignment thereof, unless the mortgage tax was paid, it was without power to enter the judgment so rendered; that the judgment and all the sale proceedings thereunder were void and should be set aside and held for naught. The plaintiffs further contended that they were deprived of their rights and property by fraud, bias, and prejudice and without due process of law.

There are numerous other allegations to the effect that the extension agreement was obtained by fraud; that the whole contract was usurious; that the assignment of the mortgage was obtained by fraud and collusion; that the assignment, not having the seal of a notary public thereon, was without effect; that the extension agreement possessed no legal effect, for it was not executed and acknowledged before a notary public and was not recorded; that the plaintiffs were prevented from perfecting an appeal to this court in the foreclosure action by reason of the fraud practiced by the defendant, his attorneys, and the court reporter.

The petition as amended contains no allegation that the plaintiffs were prevented by fraud or accident from presenting the above matters as a defense to the foreclosure action.

The principal question for determination in the case before us is whether the judgment in the foreclosure action is void on its face. If not, this action must fail.

A judgment of a court of general jurisdiction is not subject to collateral attack unless lack of jurisdiction appears affirmatively on the judgment roll. Collinsworth v. Hutchison, 185 Okla. 101, 90 P. 2d 416; McDougal v. Rice, 79 Okla. 303, 193 P. 415; Welch v. Focht, 67 Okla. 275, 171 P. 730, L.R.A. 1918D, 1163. Generally the judgment roll may be said to consist of the petition, including the exhibits thereto attached, process, pleadings filed subsequent to the institution of the suit, reports, verdict, orders and judgments, and all material acts and proceedings of the court. Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Excise Board of Carter County v. Chicago, R.I.&P. Ry. Co., 152 Okla. 120, 3 P. 2d 1037.

A judgment will not be held void on its face unless it affirmatively appears from an inspection of the judgment roll that any one of the three following jurisdictional elements are absent: (1) jurisdiction of the person; (2) jurisdiction of the subject matter; (3) judicial power to render the particular judgment. Roth v. Union National Bank, 58 Okla. 604, 160 P. 505; Pettis v. Johnston, supra; Winona Oil Co. v. Barnes, 83 Okla. 248, 200 P. 981.

The court, of course, must have the power to render the particular judgment; otherwise such a judgment is void. Prudential Insurance Co. of America v. Board of County Commissioners of Garvin County et al., 185 Okla. 362, 92 P. 2d 359; State ex rel. Southern Surety Co. v. Armstrong, 158 Okla. 290, 13 P. 2d 198.

Unquestionably the district court of Tulsa county had jurisdiction over the parties and of the subject matter when

it rendered the judgment collaterally attacked in this action. However, the plaintiffs contend that the court was without power to render such judgment. In our opinion, this contention is untenable.

The registration tax levied under 68 O. S. 1941 § 1171 to 1182 is upon the civil privilege of recording the mortgage and enforcing it in the courts of this state. Trustees', Executors' and Securities Insurance Corporation, Limited, et al. v. Hooton, County Clerk, 53 Okla. 530, 157 P. 293, L.R.A. 1916E, 602. The failure to pay such mortgage registration tax does not render the mortgage invalid. However, until payment thereof the holder of the mortgage is not entitled to have same recorded nor can it be enforced by court action. The status of the mortgage, however, should be determined as of the time it is introduced in evidence, and it is not necessary that the payment of the registration tax be alleged in the petition for foreclosure. Jones v. Hill, 167 Okla. 552, 31 P. 2d 145; John v. Trimm, 153 Minn. 401, 190 N.W. 890; Engenmoen v. Lutroe, 153 Minn. 409. 190 N. W. 894; Riess, Ex'f, v. Old Kent Bank, 253 Mich. 557, 235 N.W. 252, 76 A.L.R. 571; Whittington Park Amusement Co. v. Gardner, 98 Okla. 51, 223 P. 684; Greenwood v. Price, 166 Okla. 292, 27 P. 2d 822.

A provision in a mortgage that "said mortgagors agree to pay any tax that may be assessed against this mortgage under the laws of the State of Oklahoma" does not require the mortgagor to pay the registration tax provided in sec. 1171, supra, and does not render the mortgage void. Knebel v. Rennie et ux., 87 Okla. 136, 209 P. 414; Rennie et al. v. Missouri Valley Trust Co., 113 Okla. 257, 241 P. 746; Rennie et al. v. Oklahoma Farm Mortgage Co., 114 Okla. 55, 242 P. 1050; Tobin et al. v. Holmboe, 172 Okla. 546, 45 P. 2d 716; Illinois Bankers' Life Assurance Co. v. Brydia et al., 180 Okla. 436, 70 P. 2d 73.

In the absence of any showing in the record to the contrary, this court will conclusively presume on collateral attack of a judgment that the trial court followed the law and did not render the judgment of foreclosure until proof was made that the mortgage registration tax had been paid by the mortgage, or his assigns, as provided by secs. 1174 and 1178, supra. Neil v. Union National Bank, 72 Okla. 116, 178 P. 659; Nolan v. Schaetzel et al., 145 Okla. 231, 292 P. 353. This rule is also recognized in Greenwood v. Price, supra.

The failure of a mortgagee or his assigns to pay the mortgage registration tax as provided by law cannot be raised for the first time on appeal where the record does not affirmatively show that such tax was not paid. Such a defense must be asserted in the foreclosure action. In case of failure to do this an action in equity will not lie for the purpose of permitting the assertion of such defense. It is not the province of a court of equity to examine the evidence adduced at a former trial and determine whether it supports the judgment. Lake Erie Land Co. v. Chilinaki, 197 Mich. 214, 163 N.W. 929; Security Investment Co. v. Meister, 214 Mich. 337, 183 N.W. 183; Courtney v. Barnett, 65 Okla. 189, 166 P. 207. In this connection also see Stauffer v. Watts, 73 Okla. 68, 174 P. 1031.

The allegations of fraud in connection with the obtaining of the extension agreement and the assignment, of usury, etc., are unquestionably matters that should have been interposed as a defense to the foreclosure action, and it would serve no useful purpose to further discuss such matters herein. As to the allegation that fraud prevented plaintiffs from perfecting an appeal in the foreclosure action, that question was determined in Sabin et al. v. Levorsen, 184 Okla. 305, 87 P. 2d 138, wherein the court held that the plaintiffs failed to show that without fault on their part it became impossible for them to make and serve case-made on appeal within the statutory period, and that, therefore, they were not entitled to a new trial.

It is therefore obvious, and we so

hold, that the trial court had the judicial power to render the particular judgment entered in the foreclosure action and that such judgment is not void.

It necessarily follows that the petition and the amended petition contained only matters that should have been set up by the plaintiffs as a defense to the foreclosure action and that same constituted no basis for a collateral attack upon the judgment rendered therein. The trial court properly sustained the demurrer to the petition and allowed the plaintiffs time in which to file an amended petition. The plaintiffs filed an amended petition and thereafter with leave of court amended it by interlineation. The allegations thereof were essentially the same as the allegations in the original petition and were insufficient to state a cause of action. The trial court so held and by reason thereof sustained the motion to strike said amended petition. This being true, the plaintiffs were not injured by such order. The action by the trial court was tantamount to an order sustaining a demurrer thereto. See Aetna Life Ins. Co. v. Phillips, 69 Fed. 2d 901; Board of Education of the City of Great Bend v. Board of Commissioners of Barton County, 144 Kan. 124, 58 P. 2d 40; Paramount Publix Corp. v. Boucher, 93 Mont. 340, 19 P. 2d 223; Magee v. Cohn, 187 Wash. 157, 59 P. 2d 1131.

The plaintiffs orally requested leave to file another amended petition. This was denied. The record does not disclose the proposed amendments or whether they would have remedied the defects. There is nothing that even indicates that the plaintiffs were prevented by fraud or accident from presenting such defenses in the foreclosure action. The filing of an amended petition is not a matter of absolute right, but rests entirely within the sound discretion of the court. Crabtree v. Standard Savings & Loan Association, 187 Okla. 189, 102 P. 2d 127; Board of Education of the City of Great Bend v. Board of County Commissioners of Barton County, supra; Summerall v.

Covington Bros. Farm Loan & Investment Co., 138 Okla. 142, 280 P. 584. Under all the circumstances disclosed by the record before us, we conclude that the court did not abuse its discretion in refusing to permit the plaintiffs to amend further. It is apparent therefrom that the plaintiffs could not state a cause of action, and to have granted plaintiffs permission to amend further would have been useless.

The views expressed above are determinative of this appeal. It is not necessary for us to determine whether the mortgage registration tax must be paid upon an agreement to extend a mortgage and upon an assignment of a mortgage. We expressly reserve those questions for determination in a proper case.

What was said in Parks v. Butler, 191 Okla. 329, 129 P. 2d 836, in reference to the necessity of pleading payment of the mortgage tax was outside the issues of that case and the same is disapproved.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. OSBORN, J., absent.