## SABIN et al. v. LEVORSEN.

No. 32340. May 31, 1949.

Rehearing Denied Oct. 11, 1949.

Second Petition for Rehearing Denied Jan. 17, 1950.

*214 P. 2d 445.*

Herbert K. Hyde and Lee Williams, both of Oklahoma City, Mrs. Milton Roe Sabin, pro se, for plaintiffs in error.

Martin, Logan, Finney & Stanton, of Tulsa, for defendant in error.

H. B. King and Wm. M. Franklin, both of Oklahoma City, amici curiae.

JOHNSON, J. This is the third appeal considered by this court involving the identical property and litigants. See Sabin v. Levorsen, 184 Okla. 305, 87 P. 2d 138; Sabin v. Levorsen, 193 Okla. 320, 145 P. 2d 402; Certiorari denied 320 U. S. 815, 88 L. Ed. 492, 64 S. Ct. 368. For further statement of facts see these cases.

The present action was filed February 21, 1941, dismissed without prejudice September 24, 1941, and then refiled September 22, 1942. The petition seeks damages allegedly sustained by reason of wrongful and forcible eviction of plaintiffs from their property, for destruction and loss of use of real and personal property, and for exemplary damages.

February 21, 1939, before the mandate in the first appeal was spread of record, plaintiffs commenced another action in the district court of Tulsa county seeking to set aside the original foreclosure judgment. Thereafter, defendant's motion to strike plaintiff's amended petition was sustained and plaintiff again appealed to this court where the trial court's judgment was affirmed. See Sabin v. Levorsen, 193 Okla. 320, 145 P. 2d 402, supra.

February 23, 1939, mandate in the first appeal (184 Okla. 305, supra) was spread of record, and the same day a sheriff's deed was executed to Levorsen and a writ of assistance issued to place him in possession of the property.

The present action, stemming from the above events, is based upon the claim that on February 21, 1939, plaintiffs owned and were in possession of this property; that because of defendant's wrongful acts in taking possession thereof plaintiffs suffered damages to real property, and loss of use thereof as "base of operations for their busi-

ness"; damages to personal property and for loss of use thereof, and exemplary damages, all amounting to more than $300,000. The amended petition again alleged everything concerning the prior transactions, in an effort to relitigate the validity of the two prior judgments and thus provide a foundation for this action.

By answer defendant set up the original foreclosure judgment, the order of sale and confirmation of sale in defendant, and his possession under the writ of assistance. Defendant also relied upon the two former judgments as being res adjudicata of the cause of action.

Plaintiffs were granted time to reply, and thereafter moved to disqualify the trial judge, as well as the other district judges, upon the grounds of bias and prejudice. This motion was overruled and the cause tried upon the merits. After hearing all the evidence, the trial court sustained defendant's motion for directed verdict, and the jury returned a verdict in accordance with the directions, and the judgment was rendered accordingly.

Plaintiffs filed motion to vacate the judgment and when overruled gave notice of appeal. Thereafter, plaintiffs filed a further motion to vacate this judgment upon the grounds that the former judgments were entered erroneously upon the assumption the two earlier appeals were res adjudicata of the matters involved when both judgments in fact were void. Following this, plaintiffs filed an amendment to motion to vacate all judgments, and another application to disqualify the trial judge, who had succeeded the trial judge (Clendinning) who had overruled plaintiff's original motion to vacate. Therein it was alleged the trial court's holding was based upon a void judgment of this court, and plaintiffs again attempted to replead all matters previously urged as affecting the validity of the judgment rendered and affirmed on the second appeal to this court (193 Okla. 320, supra).

The trial judge overruled the application to disqualify and refused to disqualify. From this judgment plaintiffs have appealed. A supplemental and additional case-made has been filed herein, by which they again assign as error that the trial court erred in holding that the opinion in the second appeal was res adjudicata of the cause of action and conclusive of plaintiff's rights herein.

The assignments of error are presented under two propositions. It is first contended that it was error for the trial court to refuse to disqualify. This contention is urged first as to the refusal of the trial judge (Clendinning) who heard plaintiffs' damage action; and also as to the judge (Webb) who overruled plaintiffs' amended motion to vacate all judgments.

Plaintiffs' argument with respect to the necessity for disqualification of the original trial judge is that they could not have a fair trial because of the bias and prejudice he displayed toward them. That when discussing the original foreclosure case, the trial judge, then acting as an attorney, advised them it would be impossible to secure a judgment in their case; that it was impossible for plaintiffs to have a fair trial because of the widespread publicity plaintiffs' litigation had received. 22 O.S. 1941 §571 is our statutory provision for disqualification of trial ters asserted by plaintiffs as tending to show bias and prejudice, there was no showing that these matters were sufficient to cause disqualification on grounds of public policy. It is also noted that plaintiffs' claim of bias and prejudice had, prior to this time, extended to every judge of the district court in Tulsa county. It is a settled rule of this court that in a civil case, an application for disqualification is addressed to the trial court's sound discretion, and his ruling thereon will not be reversed on appeal in the absence of a clear abuse of such discretion. Rourke v. Bevis, 171 Okla. 392, 42 P. 2d 898; Gee et al. v. Security Bank &

Trust Co., etc., 186 Okla. 477, 98 P. 2d 922; Sandefur v. Vanderslice, 194 Okla. 298, 151 P. 2d 430.

What is said above applies equally to plaintiffs' application for disqualification of the trial judge (Halley) who heard the final motion to vacate all judgments. The affidavit alleged bias and prejudice, as well as the further allegation that such trial judge had publicly announced his intention of following the law as pronounced in Sabin v. Levorsen, 193 Okla. 320, 145 P. 2d 402, supra. We are cited to no rule enunciating the principle that a trial judge's statement that he will follow the law as laid down by an appellate court is sufficient to force his disqualification on the ground that such statement is indicative of a state of mind contrary to public policy.

Plaintiffs' second proposition is that the trial court erred in sustaining defendant's motion for a directed verdict. Two reasons are advanced in support of this proposition: (1) There was substantial evidence of wrongful damages, done to plaintiffs by defendant, even if defendant had acted under a valid writ of assistance. (2) The original judgment of foreclosure (184 Okla. 305) was void for lack of authority in the trial court to render same because the record does not affirmatively show that the mortgage tax had been paid on the extension of the mortgage, and that the cases relied upon by defendant could not be res adjudicata of plaintiffs' present cause of action for damages because the judgment was void. This question as to mortgage tax was definitely settled by this court in Sabin et al. v. Levorsen, 193 Okla. 320, 145 P. 2d 402, supra.

Plaintiffs argue that the evidence conclusively established that defendant through his workmen damaged plaintiffs' personal property "while in the act of having a purported writ of assistance executed to obtain possession of the real property." The record reflects an utter failure of the evidence to establish the conclusiveness assert-ed by plaintiffs. The evidence fairly established that a deputy sheriff received the writ of assistance, entered the property and supervised the removal of plaintiffs' personal property, even to moving some of it to plaintiffs' residence as requested, and storing the remainder in a warehouse. After plaintiffs' personal property had been removed, defendant was placed in possession of the real property, and thereafter a contractor commenced wrecking the building. This continued until the following day when the work was stopped by service upon defendant of the restraining order which plaintiffs had secured. The evidence conclusively established that defendant was not put in possession of the premises until the day the writ of assistance was executed (February 27, 1939), and that defendant had exercised no direction or control over the property prior to that time.

Plaintiffs attempted to prove extensive damages to their personal property. Their evidence as to what property was damaged, the value of the property and extent of such damage was indefinite and speculative. Such testimony was particularly ineffective (as opposed to the other evidence that all their property was removed before defendant was placed in possession) as tending to show that the alleged damages occurred after defendant took possession of the property. The evidence wholly failed to prove any facts sufficient to entitle plaintiffs to recover damages against defendant. In such cases the established rule of this court is that the trial court may properly direct a verdict for defendant. Bell v. Radabaugh, 178 Okla. 106, 62 P. 2d 79; Downtown Chevrolet Co. v. Lehman, 191 Okla. 319, 129 P. 2d 578.

It is finally urged by plaintiffs that the trial court erred in directing a verdict for defendant on the theory that the two prior decisions in Sabin v. Levorsen, supra, were res adjudicata of the cause of action herein alleged. In support of this plaintiffs again seek to present for consideration the matter of

the validity of the original judgment of foreclosure entered against them. We are of the opinion and hold that the question attempted to be raised by plaintiffs has been sufficiently considered heretofore in the two former appeals referred to and cited above. The matters urged herein were matters of defense which plaintiffs could or might have asserted in the original foreclosure action. These identical questions again were raised in the motion to vacate the foreclosure judgment, and on the second appeal this court pointed out that the original judgment in the mortgage foreclosure action was not subject to a collateral attack (193 Okla. 320, 145 P. 2d 402, supra). We are of the opinion that matters of defense to an action which cannot be later asserted upon a collateral attack against a judgment regular upon its face cannot again be litigated in an action (for damages) upon the identical facts and upon the assumption that the original judgment was void. There must be verity and finality of judgments and an end to litigation.

Judgment affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, LUTTRELL, and O'-NEAL, JJ., concur.